# CRAVEN v. CRAVEN

No. 7446.  Decided March 20, 1951.  (229 P. 2d 301.)

See 27 C. J. S. Divorce, Sec. 322. Education of children, support allowance as affected by, see note 133 A. L. R. 902. See, also, 17 Am. Jur. 531.

*Aldrich & Bullock,* Provo, for appellant.

*A. R. Hurley, Glen M. Hatch, Alfred C. Emery* and *B. Z. Kastler, Jr.,* all of Salt Lake City, for respondent.

WOLFE, Chief Justice.

On April 16, 1945, the court below entered a decree granting the respondent a divorce from the appellant and giving her the custody of the minor child of the parties, Robert Holt Craven, who was then fifteen months old. The appellant was ordered to pay to the respondent monthly the sum of twenty-five dollars for the care, maintenance and support of the child. More than four years later, on June 10, 1949, the respondent petitioned the court below to increase the award of support money from twenty-five to fifty dollars per month. After finding that the child was wholly dependent upon the appellant for support and that conditions existing in 1945 when the court awarded

twenty-five dollars per month had materially changed, both in respect to the needs of the child and the ability of the appellant to support him, the court amended its original decree by ordering the appellant to pay to the respondent monthly the sum of thirty-five dollars for the support of their child until he enters school, at which time the appellant was ordered to commence paying fifty dollars per month. The court also ordered the appellant to pay to the respondent $100 for her attorneys' fees and $21.10 for her costs in the action. At the time the respondent petitioned for an increase in the award of support money, the appellant had made all the payments required of him under the original decree and was not in default thereunder in any regard. From the judgment of the lower court modifying the original decree, this appeal is taken.

As a ground for reversal of the judgment below, the appellant urges that in the respondent's petition for modification of the original decree she did not allege facts constituting a material change in circumstances warranting a modification, nor did she produce evidence of such facts at the hearing on the petition. While the respondent does not dispute that an award of support money may not be increased unless there has been a material change of circumstances, she contends that she both alleged facts in her petition and adduced evidence at the hearing justifying the modification of the original decree.

After a careful examination of the petition and the evidence, we conclude that the modification ordered by the lower court must be sustained. In her petition the respondent alleged (1) that the child of the parties had grown from infancy to the age of five years and four months with the result that he requires "much more" food, clothing and medical care; (2) that since the entry of the original decree in April, 1945, the price of food, clothing, housing accommodations and all other items which are

necessary for the proper care and support of the child had "greatly increased"; and (3) that the appellant is gainfully employed. While it is not alleged in the respondent's petition, it appears from the findings of fact made at the time the original decree was entered in 1945, that the appellant was unemployed at that time.

In support of her petition, the respondent testified that in 1945 it cost about $25 a month to adequately provide for the child and that now, due to his older age and the general increase in the price of food and clothing since 1945, she was expending considerably more than $50 a month for his care. She also testified that he would soon be entering school. The respondent adduced testimony that during the four-year period from 1945 to 1949 food prices had increased approximately twenty per cent and that clothing prices during the same period had increased between twenty and thirty per cent. As to the appellant's ability to pay the increased amount of support money, he testified that he was an independent contractor and that he did not have enough work to keep him busy all the time, and that from January 1, 1949, to August 25, 1949, the date of the hearing below, he had earned $1700. However, on cross-examination he admitted that during the aforementioned period of time, he had deposited in his checking account in a local bank, the sum of $2988.30 and that all of that amount, except $800, which he claimed belonged to his twenty-one-year-old son, was earnings. Assuming it to be true that $800 belonged to his son, there is left $2188.30 which by his own testimony he received between January 1 and August 25, 1949, or about $280 per month. At the time of the hearing, the appellant had $78.07 on deposit in his checking account and $144.27 in a savings account which had not been drawn upon since May of 1948. There was no evidence that the appellant had acquired any real property since the entry of the original decree in 1945. He had completed paying

for a home he was buying in 1945. At the time of the hearing he had acquired a different automobile than the one he owned in 1945, and he was obligated to make monthly payments of $66 on it.

It is true, as pointed out by the appellant, that the respondent testified that she was earning $208 per month at the time of the hearing and that she was able to save about $60 of that amount each month. However, that is no reason why the court should not have ordered the appellant to pay an increased amount of support money. Despite the legal obligation of both parents for necessities and the modern trend to treat working parents as equals economically and legally, the primary duty of support rests upon the father and not the mother. The respondent was not receiving any alimony from the appellant. She had not acquired any large sum of money by inheritance or otherwise. She had to support herself. If out of her earnings, she is able to save a sum each month to lay away a nest egg and provide for herself and her children in the future, this in no way relieves the appellant from the duty of supporting his child, unless the court hearing the matter should conclude under all the circumstances that she should assist. It is important to note that according to the respondent's testimony, it was costing in excess of $50 per month to adequately care for the child at the time of the hearing. Thus, even with the appellant paying an increased amount, there is still left a portion of the cost for the respondent to bear. In the recent case of *Holbrook* v. *Holbrook,* 116 Utah 114, 208 P. 2d 1113, we affirmed a judgment of the district court denying a divorced husband's petition for a reduction in the amount of support money which he had been ordered to pay for the support of four minor children of the parties, even though there was evidence that the divorced wife and mother was earning $175 per month and had recently purchased a home.

We are cognizant of the fact that the appellant has remarried and that in all probability he must now support his wife as well as himself out of his earnings. In cases such as the instant case, the trial court should take into account and give due weight to all the factors entering into the request for a modification of a decree and make a determination which is equitable between the parties and which will not overburden a divorced father, who has been upright and faithful in meeting his obligation of support. From all of the evidence before us, we cannot say that the trial court's action in increasing the award of support money was inequitable or unjust. The parties were physically present in the court below and the trial judge saw and heard them—an advantage which we do not have.

A more serious contention made by the appellant is that the court erred in granting the respondent judgment against him for $100 in payment of her attorneys' fees. The appellant argues that because at the time the petition for modification was filed, he had made all payments required of him under the original decree and was not in default thereunder in any respect, it is inequitable to saddle upon him the obligations of paying attorneys' fees incurred by his former wife. He seeks to differentiate between the facts of the instant case and cases in which a father is in default in the payment of support money and thus by his own dereliction invites legal proceedings to be brought against him to enforce payment. While not finding a case decided by this court directly in point, the trial judge, as indicated in his helpful memorandum decision on motion for new trial, relied chiefly upon *Jenkins* v. *Jenkins*, 107 Utah 239, 153 P. 2d 262, 264, as authority for his order that the appellant pay the respondent $100 for her attorneys' fees. In the Jenkins case a wife brought an action for divorce which the husband resisted. Upon trial, it was discovered that

the marriage was void because the plaintiff's divorce from a former husband was not final at the time she purported to marry the defendant. The court entered a decree of annulment, distributed the property, awarded custody of the child and decreed child support and attorney's fees to be paid by the defendant. Upon appeal, this court held that no attorney's fees could be awarded the plaintiff for her use and benefit because such awards rested upon the status of marriage, which, of course, never had existed, but because the defendant had not been supporting the child and because the plaintiff was justified in bringing the action to enforce that duty which he owed as a father, the allowance of a reasonable attorney's fee for this purpose would have been proper. Said the court: "Had the child brought the action to enforce the father's duty of support, the child would have been entitled to an allowance for attorney's fees and court costs," citing *Arias* v. *Kalensnikoff,* 10 Cal. 2d 428, 74 P. 2d 1043, 115 A. L. R. 163. In the instant case the attorneys' fees were not for obtaining or enforcing payment of alimony but for the benefit of the child. The principle of the Jenkins case therefore applies.

The appellant also contends that there should be some differentiation, at least in the amount of the attorneys' fees, imposed on the father in cases where the latter has never been in default and the mother resorts to court process involving costs and attorneys' fees without prior negotiation to inform him of her intention to ask for an increase as contrasted with the case where the father is in default for the payment of support money and it becomes necessary to collect the arrears by process.

It may be that if the trial judge imposed attorneys' fees on the father for legal work stimulated by the mother without giving the father a chance to determine whether he would accede to the requested increase which the mother thought necessary, that the court would not require him

to pay that part of the attorneys' fees accruing by reason of the initial legal steps in the action, leaving to the father the duty to pay that part of the attorneys' fee that accrued after the father determined that he would resist the claim for increase having had an opportunity to assent or negotiate with the mother as to the amount of such increase.

But in this case, it is inferable from the record that the father had an opportunity to determine whether he would accede to an increase in support money before legal procedure was resorted to. Furthermore, in this case, part of the attorneys' fees was imposed upon the mother so that if the mother did unseasonably pursue legal proceedings to obtain an increase, the amount assessed against her would take care of any attorneys' fees for initial legal work.

We cannot say that the determination of the trial judge that the appellant bear part of the cost of the respondent's attorneys' fees was an abuse of his discretions. It is to be borne in mind that the fee was incurred by the respondent in the furtherance of the interests of the child. The respondent's final interest in the modification of the decree was to insure that her child be adequately provided for. Thus, in strict logic it would seem that so far as we are here concerned, it matters not whether the appellant is in default in the payment of support money or not; he is not charged with the payment of attorneys' fees as a punitive measure. He is made liable for them because they are a necessary expenditure in securing the child's right to receive adequate support from his father. As stated by the trial judge in his memorandum decision, "In this case, as in the Jenkins case, the plaintiff [respondent] is justified in bringing her action 'to enforce said liability of the father to the child.' "

The judgment below is affirmed. Costs to the respondent.

WADE, LATIMER, McDONOUGH, and CROCKETT, JJ., concur.