Margaret Ann Fake HUNSAKER,
Plaintiff and Appellant,

v.

James D. FAKE, Defendant
and Respondent.

No. 14672.

Supreme Court of Utah.

April 22, 1977.

E. H. Fankhauser of Cotro-Manes, Warr, Fankhauser & Beasley, Salt Lake City, for plaintiff and appellant.

Frank J. Gustin of Gustin & Gustin, Salt Lake City, for defendant and respondent.

WILKINS, Justice:

Plaintiff and defendant were divorced on July 17, 1973. A divorce decree was entered which provided among other matters: (a) that the plaintiff be awarded custody of the parties' minor children; (b) that the defendant be allowed to visit such children on alternate weekends and holidays; and (c) that the defendant make child support payments to the plaintiff, on a monthly basis, in the sum of $150.00 per minor child. Since the date of divorce, the plaintiff has remarried. Due to her new husband's inability to locate gainful employment in Utah, plaintiff, her new husband, and the parties' four minor children moved from Utah to California in November, 1975 thereby frustrating the defendant's legal right to visit his children at times indicated above. The defendant has also remarried and he and his new wife intend to remain living in a newly purchased home in Utah with the children of his new wife's previous marriage.

On November 13, 1975, the defendant filed a petition for an order to show cause in the District Court requesting that the divorce decree be modified by allowing his minor children to visit him in Utah two times each year: once during the Christmas holidays and another time during the summer. The defendant further requested that

the plaintiff pay one half of the travel expenses incident to the children's visits.

In answer to the defendant's petition for modification of the divorce decree, the plaintiff agreed that the children should be allowed to visit the defendant in Utah twice each year, but she contested the defendant's request that she pay one half of the travel expenses incident to such visits. Plaintiff counterpetitioned seeking an increase in monthly child support payments from $150.00 to $200.00 per minor child upon the ground of a rise in the cost of living in California together with a fifty-five per cent increase in the defendant's annual gross income since the parties' divorce. The District Court modified the divorce decree as requested by the defendant but refused the plaintiff's counterpetition for increased child support. Seeking a reversal of the District Court's decision, the plaintiff contends that said Court abused its discretion by requiring her to assume one half of the children's biannual travel expenses from California to Utah and by denying her request for increased child support payments.

The court's authority to modify the provisions of a divorce decree is governed by Utah Code Ann., Section 30–3–5 (1953), in which the following pertinent language is found:

> The court shall have continuing jurisdiction to make such subsequent changes or new orders with respect to the support and maintenance of the parties, the custody of the children and their support and maintenance, or the distribution of the property as shall be reasonable and necessary.

■ Pursuant to the foregoing statute, the District Court may modify a divorce decree "as shall be reasonable and necessary". Due to the variety of circumstances which have been presented in the form of domestic disputes, "no firm rule can be uniformly applied in all divorce cases, and . . . each must be determined upon the basis of the immediate fact situation".[1]

■ The defendant's increase in income does not necessarily require an increase in his obligations to the plaintiff as it is not reasonable and necessary under the circumstances of this case. The record discloses that after paying $1,600.00 per month to the plaintiff in the form of alimony ($1,000.00)[2] and child support ($600.00), the defendant's monthly take-home salary is approximately $2,800.00. Defendant has monthly expenses of $2,700.00 which include food, clothing, and educational expenses for his second family, utilities, life insurance (of which the plaintiff is the beneficiary), and mortgage payments on his new home. Defendant's monetary obligations will increase by at least $2,000.00 per year when his daughter, who is the issue of plaintiff and defendant, enters college.

On the other hand, the plaintiff receives a monthly income of $2,288.00 which includes $1,600.00 from the defendant as mentioned above, $288.00 from installment payments resulting from the sale of her Utah home which occurred prior to her move to California, and $400.00 from her new husband. Utilities, food and clothing, medical and dental costs, educational expenses for the parties' four minor children, upkeep of three automobiles, and mortgage payments on her California home constitute the plaintiff's monthly expenses amounting to $2,130.00.

Upon the facts herein presented, the District Court could reasonably conclude that it was not necessary to increase child support payments by $200.00 per month (the total requested for the parties' four minor children), thereby placing a further financial burden upon the defendant. In announcing

1. *Wilson v. Wilson*, 5 Utah 2d 79, 82, 296 P.2d 977, 979 (1956). Although *Wilson* involved an original divorce proceeding, it is helpful in analyzing actions concerning the modification of a divorce decree.

2. At the time of their divorce and by means of a property settlement agreement which was incorporated into the divorce decree, the parties agreed that in the event of plaintiff's remarriage, the defendant would make monthly alimony payments in the amount of $1,000.00 until the year 1984.

the general rule concerning modification of a decree, this Court said:[3]

> [T]he trial court should take into account and give due weight to all the factors entering into the request for a modification of a decree and make a determination which is equitable between the parties and which will not overburden a divorced father, who has been upright and faithful in meeting his obligation of support.

Since neither party had a substantial amount of net income after expenses, the Court could further reasonably conclude that equity required each party to share the children's travel expenses incident to their visits to Utah. The District Court's judgment must be affirmed since it has not been shown to work "a manifest injustice or inequity as to indicate a clear abuse of discretion".[4]

Affirmed.

ELLETT, C. J., and MAUGHAN, CROCKETT and HALL, JJ., concur.

---

3. *Craven v. Craven*, 119 Utah 476, 480, 229 P.2d 301, 303 (1951). Though the Court in this case sustained the District Court's awarding of an *increase*, the principle remains intact.

4. *Wilson v. Wilson*, supra, footnote 1.