Ellen WRIGHT, Plaintiff and Appellant,

v.

Jack R. WRIGHT, Defendant and Respondent.

No. 15407.

Supreme Court of Utah.

Oct. 20, 1978.

---

David M. Crosby, Jackman & Crosby, Orem, for plaintiff and appellant.

Robert L. Moody, Provo, for defendant and respondent.

ELLETT, Chief Justice:

This case involves an appeal from that part of the trial court's order which refused to modify the decree of support for the parties' minor children.

The parties to this action were divorced by a decree entered May 7, 1971, which decree provided for child support to be paid by respondent, herein in the amount of $50.00 for each of the five minor children. In 1977 appellant sought to increase the amount of the child support to $100.00, claiming that a material change of circumstances justified the increase. The trial court refused to increase the amount of child support although it did modify the decree regarding visitation and health insurance, and ordered respondent to pay an amount for accrued past support.

■ U.C.A., 1953, 30–3–5 provides that divorce actions are equitable in nature; and Article VIII, Sec. 9 of the Utah Constitution permits this Court to review questions of both law and fact in equity cases. Such review enables us to make our own findings and substitute our judgment for that of the trial court when it would be fair and equitable in the interest of justice.[1]

■ Section 30–3–5 further provides that support orders may be subsequently modified whenever reasonable or necessary. Ordinarily, an award for child support will be modified when there is a material change of circumstances of the parties involved.[2] We have previously held that such changes occur when there is an increase in the father's ability to support his children,[3] or where the children grow older and require additional support to properly maintain them.[4]

The appellant established that the children were now older and that their needs had increased substantially since the original decree was entered. In fact, the trial court took judicial notice that $50.00 was no longer adequate to even provide groceries for growing children. It was less clear, however, whether or not respondent's ability to pay additional support had also increased.

Respondent contends that he cannot pay an increased amount for support for the following reasons:

(1) Respondent has remarried and is now supporting a second wife and her four children from a previous marriage.

(2) Inflationary costs have reduced the value of his present earnings, and

(3) While respondent's hourly wage has increased from $8.00 per hour to $11.31 per hour since the original support order was decreed, his annual earnings have actually decreased since he no longer makes overtime pay and is currently working only nine months out of the year.

■ As to reasons (1) and (2) above, they cannot help the defendant as a defense in this case. While this Court is sympathetic to the financial demands and burdens imposed on second-family situations, nevertheless, the undertaking to support stepchildren does not relieve the parent of his obligation to support his own natural children. In *Sorensen v. Sorensen* [5] we held that the voluntary remarriage of the defendant and the assumption by him of the obligation to support his new wife and her child were not available to justify a *reduction* in alimony payments to his previous wife. Analogous reasoning leads us to the conclusion that the assumption of voluntary obligations such as those claimed here also cannot be used to defeat an *increase* in support where the circumstances would warrant such an increase.

■ Furthermore, while it may be true that inflation has reduced the value of respondent's wages, it is likewise true that inflation has also reduced the value of appellant's current support payments. It seems logical, therefore, that any increase respondent may receive should be shared, at least proportionately, with his children in the form of increased support.

■ The evidence was insufficient to indicate the status of respondent's current financial position. It was established that in 1974 his annual income was approximately $27,000 and in 1975 it exceeded $20,000. Respondent claimed he did not know what his earnings were since 1975 and that he did not file an income tax return for 1976. He gave no reason for his failure to file a tax return and no proof of earnings was submitted to the court, although respondent admitted that he had several W–2 forms which he had never "tallied up," and he claimed that he didn't know the current amount of his annual earnings.

1. *Mitchell v. Mitchell*, 527 P.2d 1359, 1360 (Utah, 1974); *Harding v. Harding*, 26 Utah 2d 277, 488 P.2d 308 (1971).

2. *Craven v. Craven*, 119 Utah 476, 229 P.2d 301 (1951).

3. *Harrison v. Harrison*, 22 Utah 2d 180, 450 P.2d 456 (1969).

4. *Craven, supra.*

5. 20 Utah 2d 360, 438 P.2d 180 (1968).

Respondent testified only that his current hourly wage was $11.31 and that it was approximately $8.00 in 1971. An hourly wage of $11.31 would give him an annual income, based on a nine-month working period, of slightly more than $18,000; but no evidence was introduced to show whether he earned $18,000, more than $18,000, or less than that amount. Respondent said only that his income was less than it used to be. It is obvious that his hourly wage has increased since 1971, but it is not clear what net effect the increase might have on his annual income due to the seasonal nature of respondent's work.

We find the evidence in the record is undisputed to show a material change in the circumstances of the minor children, but it is insufficient as to respondent's ability or inability to make increased support payments. Since the record contained no finding as to respondent's earning capacity, we are unable to determine whether or not the trial court erred in denying additional support payments.

The ruling of the trial court is affirmed as to all matters except that of future support. As to that issue, the ruling is reversed and remanded with instructions to the trial court to determine the actual amount of respondent's current earnings and to determine his ability to pay increased support for his minor children, consistent with the expressions contained in this opinion; and further, to determine what amount, if any, respondent should pay for any additional support ordered by the court.

No costs are awarded.

CROCKETT, MAUGHAN, WILKINS and HALL, JJ., concur.