PURCELL v. WILKINS, Judge, et al.

No. 3607.   Decided January 31, 1921.   (195 Pac. 547.)

COURTS—STATUTE PROVIDING THAT JUDGE OF CITY COURT "MAY"
    EMPLOY REPORTER ON REQUEST, DIRECTORY AND NOT MANDATORY.
    Sess. Laws 1919, c. 36, §§ 1885-1887, providing that any judge
    of the city court in cities of the first class may employ a
    shorthand reporter upon the request of either party, is di-
    rectory and not mandatory, the word "may" being given its
    ordinary meaning, in view of Comp. Laws 1917, § 5847 (quot-
    ing Words and Phrases, May).[1]

Application by Marie Purcell for a writ of mandate to Hon.
W. H. Wilkins, as Judge of the City Court of Salt Lake City,
Utah, and others.

ALTERNATIVE WRIT QUASHED AND PEREMPTORY WRIT DENIED.

*Ray Van Cott,* of Salt Lake City, for petitioner.

*Horace H. Smith,* of Salt Lake City, for defendants.

THURMAN, J.

This is an application for a writ of mandate to the defend-
ant Hon. W. H. Wilkins, as judge of the city court of Salt
Lake City, Utah.   The complaint contains many allegations
not necessary to be considered.   A hearing was had before
the court and the writ denied.

The only purpose of this opinion is to announce the rule
that should be observed by the court in future cases.

The material facts, briefly stated, are as follows:   The
plaintiff on the 23d day of December, 1920, was a party plain-
tiff in an action pending in said city court and the case had
been set for hearing on said day.   The plaintiff had thereto-

[1] *Eslinger* v. *Pratt,* 14 Utah, 117, 46 Pac. 763.

fore deposited with the clerk of said court the sum of $5 for the payment of a court reporter and had made a request that a reporter be employed to report the proceedings under the provisions of chapter 36, Sess. Laws Utah 1919. On the day last referred to when the case came on for trial plaintiff again made request that a reporter be employed to report the proceedings, which request the defendant, as judge of said city court, refused. The plaintiff thereupon employed a competent stenographer at her own expense to report said trial.

The purpose of the writ applied for is to require the defendant as judge of said court to enter an order nunc pro tunc employing said stenographer and procuring from her a report of said trial.

At the hearing of the case in this court the only question argued was whether the statute above referred to relating to the employment of a court reporter is mandatory or discretionary. We shall therefore assume that the action was seasonably commenced and thereby eliminate the question as to whether this court is authorized to issue a writ compelling the entry of an order nunc pro tunc.

The statute relied on by plaintiff is found in sections 1885, 1886 and 1887 of the act referred to, which read as follows:

"Any judge of the city court in cities of the first class may employ and contract with a competent shorthand reporter to report the proceedings in any case in such court, upon the request of either party to such action; and whenever the testimony of any witness in any case in such court shall be stenographically reported by such shorthand reporter, and thereafter said witness shall die, or be beyond the jurisdiction of the court in which the cause is pending, either party to the record may read in evidence the testimony of said witness, when duly certified by such reporter to be correct, in any subsequent trial of, or proceeding had, in the same cause, subject only to the same objection that might be made if said witness were upon the stand and testifying in open court.

"The amount to be paid such reporter shall be $8 per day for actual services rendered in reporting, and he shall be allowed to charge twelve cents per folio for a transcript of his notes. The per diem shall be paid out of the city treasury.

"The party requesting the reporter's services shall pay to the

clerk the sum of $5 as reporter's fees, and the same shall be taxed as costs in the action."

The only question to be determined is whether the word "may," as used in the second line of section 1885, supra, is to be given its ordinary meaning or be construed as meaning the same as the word "shall" or "must."

Plaintiff contends that the statute is mandatory, and that the defendant, as judge of the city court, had no discretion to refuse the order requested.

Comp. Laws Utah 1917, § 5847, provides that "words and phrases are construed according to the context and the approved usage of the language."

"The word 'may' according to its ordinary construction is permissive, and should receive that interpretation, unless such construction would be obviously repugnant to the intention of the Legislature or would lead to some other inconvenience or absurdity." 5 Words and Phrases, First Series, 4420, and succeeding paragraphs.

In *Morse* v. *Press Publishing Co.*, 71 App. Div. 359, 75 N. Y. Supp. at page 981, the court says:

"The question whether the word 'may' is to be construed as mandatory or discretionary has been much discussed, but the general rule is that the ordinary meaning of the word is that there is involved a discretion, and it is to be construed in a mandatory sense only where such construction is necessary to give effect to the clear policy and intention of the Legislature; that where there is nothing in the connection of the language, or in the sense or policy of the provision to require an unusual interpretation, it will be given its ordinary meaning. * * * The ordinary meaning of the word, which is permissive, ought to be adopted, and must be presumed to be intended, unless it would manifestly defeat the object of the provision."

In 20 Am. & Eng. Ency. of Law (2d Ed.) at page 237, the rule is stated as follows:

"In a statute the word 'may' can be construed in a mandatory sense only where such construction is necessary to give effect to the clear policy and intention of the Legislature, and where there is nothing in the connection or the language, or in the sense or policy of the provision to require an unusual interpretation, it is used as merely permissive and discretionary"—citing cases from the United States courts, Canada, and 34 states of the Union, in-

cluding one from Utah, *Eslinger* v. *Pratt*, 14 Utah, 117, 46 Pac. 763.

In 14 Am. & Eng. Ency. of Law (1st Ed.) at page 979, in speaking of the word "may" it is said:

"It has always been construed 'must' or 'shall' whenever it can be seen that the legislative intent was to impose a duty, and not simply a privilege or discretionary power, and where the public is interested, and the public or third persons have a claim de jure to have the power exercised. But it is only where it is necessary to give effect to the clear policy and intent of the Legislature that it can be construed in a mandatory sense, and, where there is nothing in the connection of the language or in the sense and policy of the provision to require an unusual interpretation, its use is merely permissive and discretionary."

In *Lewis* v. *State*, 3 Head (Tenn.) at pages 149 and 150, the court says:

"It is true that the word 'may' is sometimes held to have the same sense, or to mean the same thing, as the word 'shall,' and it will be so interpreted whenever the obvious reason or intention of a statute requires that it should be so understood. The general rule, however, is that the words of a statute are to be taken in their natural and ordinary signification and import." 1 Kent, Comm. 462.

In the case at bar it cannot be contended that it is necessary to depart from the plain ordinary meaning of the word "may" in order to effectuate or carry out the obvious intention of the Legislature. There is nothing in the statute to suggest or warrant the idea that the Legislature, in providing for the employment of a court reporter for the city court, intended anything more than to confer a privilege, to be granted or not, in the discretion of the court. The jurisdiction and functions of these courts justify such conclusion. They are courts of inferior jurisdiction. They hear and determine causes involving the infraction of city ordinances and have the same power as justices of the peace in other criminal cases. They also have jurisdiction in the cases enumerated in Comp. Laws Utah 1917, § 1710, if the sum claimed is less than $500. From the final judgment of said courts an appeal lies to the district court to be taken in the same manner as appeals are taken from justices' courts. Upon such appeal

the case is tried de novo. If appeals were required to be tried on the record made in the court below, as are appeals taken from the district court to the Supreme Court, there would be much force in plaintiff's contention. The presumption would be strong, if not conclusive, that the statute should receive a mandatory construction in order to effectuate the intention of the Legislature. As the case stands, however, applying the principles enumerated in the excerpts above quoted, we are strongly inclined to the view that the statute is directory only, and that the defendant, as judge of the city court, acted entirely within his discretion in refusing plaintiff's request to employ a reporter.

The alternative writ is quashed and a peremptory writ denied at plaintiff's cost.

CORFMAN, C. J., and WEBER, GIDEON, and FRICK, JJ., concur.