450 P.2d 456

**Ernestine B. HARRISON, Plaintiff and Respondent,**

**v.**

**Jack M. HARRISON, Defendant and Appellant.**

No. 11370.

Supreme Court of Utah.

Feb. 11, 1969.

---

3. Sec. 59–14–71(3) (f), U.C.A.1953.

Richard L. Bird, Jr., of Richards, Bird, Hart & Kump, Salt Lake City, for appellant.

David E. West, Salt Lake City, for respondent.

TUCKETT, Justice.

In 1965 the plaintiff initiated these proceedings seeking a divorce from the defendant and also praying that she be awarded the custody of the minor children of the parties, alimony, support money, attorney's fees and a division of the property accumulated during the marriage. After a trial upon the issues the court entered its findings and decree on February 15, 1967. Thereafter an amended decree was entered on March 10, 1967. The court granted the plaintiff a divorce, and awarded her $75 per month as alimony and $300 per month for the support of five minor children of the parties. The court ordered that the home of the parties be sold and that the equity be divided equally between them. The court also awarded to the plaintiff the household furniture and equipment, and the proceeds from the sale of certain shares of stock owned by the parties were apportioned equally between them. The plaintiff was also awarded the sum of $650 as attorney's fees and costs.

On February 5, 1968, the plaintiff filed a motion to alter and amend the judgment upon the grounds that there had been a substantial change of circumstances of the parties since the entry of the first decree and the plaintiff alleged that the defendant committed a fraud upon the court by testifying falsely at the first trial and by concealing assets under his control. After a hearing the court did modify the decree to

provide that the support money for the minor children be increased from $300 per month to $400 per month and the alimony provision of the decree was modified to provide for a payment of $500 per month. The plaintiff was also awarded the residence of the parties as her sole property subject to the mortgage thereon. The court also awarded to the plaintiff one half of a bank account owned by the defendant at the time of the first trial but which was not specifically dealt with by the provisions of the decree.

█ The defendant moved for a new trial and after his motion was denied by the court he has appealed to this court. The defendant here contends that there is insufficient evidence of fraudulent concealment on the part of the defendant of assets or income. It is unnecessary here that we determine whether the defendant committed fraud upon the court by acts of concealment as it is quite apparent that there is a sufficient showing of a change of circumstances to support the court's modification of the prior decree.[1] After the first trial the court found that the income of the defendant was the sum of $600 per month and this finding was based upon the testimony of the defendant. There was testimony and other evidence adduced at the hearing for the modification which would tend to show that the defendant's income was far greater than $600 per month. The record amply supports the court's finding as to the greater ability of the defendant to provide for his minor children and former spouse. The court's finding and conclusion respecting the home of the parties and preserving the same for the former wife and children by awarding the same to the plaintiff is amply supported.

█ The defendant also claims that the court was in error in granting to the plaintiff one half of a certain bank account totaling $9729. It should be noted that the decree after the trial contained the following provision:

> The parties are each awarded one half of the family savings account of $1600, and one half each of any other accounts, if any, whether savings, checking, credit union accounts, or other in the names of both parties as of the date of this trial.

It would seem that the court intended to award to each of the parties one half of any savings or other bank accounts without specifically designating them. The record would indicate that the existence of the account above mentioned was concealed by the defendant. The court was justified in

1. Section 30-3-5 U.C.A.1953. Cody v. Cody, 47 Utah 456, 154 P. 952; Whitmore v. Hardin, 3 Utah 121, 1 P. 465.

modifying the decree so as to carry out its intention by clarifying the former decree.

██ However, we note one provision of the decree last entered by the court which requires our attention. That provision is as follows:

That in addition to the amount specified in the preceding paragraph, defendant should be ordered to pay to Kenneth Rigtrup, plaintiff's former attorney, any amount which he has earned in this divorce case in excess of the amount previously awarded.

The court having made an award of attorney's fees based upon the reasonable value of the services rendered in the trial of the case and also having awarded attorney's fees to the plaintiff's present counsel, we are of the opinion that the record does not show any grounds for making a further award to the former attorney based either upon the change of circumstances or upon fraudulent concealment of the facts by the defendant. That part of the decree is ordered stricken and otherwise the decision of the court below is affirmed. No costs awarded.

CROCKETT, C. J., and CALLISTER and HENRIOD, JJ., concur.

ELLETT, J., concurs in the result.