Gordon Lee KIESEL, Plaintiff and Appellant,

v.

Evelyn Marie KIESEL, Defendant and Respondent.

No. 16806.

Supreme Court of Utah.

Oct. 31, 1980.

---

1. Utah, 610 P.2d 1303, 1307 (1980).

Kay M. Lewis of Jensen & Lewis, Craig Stephens Cook, Salt Lake City, for plaintiff and appellant.

Jimi Mitsunaga, Salt Lake City, for defendant and respondent.

HALL, Justice:

Plaintiff Gordon Lee Kiesel appeals the trial court's modification of a 1974 divorce decree increasing child support payments to his two daughters.

The marriage of plaintiff and defendant Evelyn Marie Kiesel was dissolved by a decree of divorce entered on October 16, 1974. Four children had been born of the marriage: two sons,[1] and two daughters, Marsha Kaye Kiesel and Mary Ann Kiesel. Marsha, the eldest of the daughters, is subject to severe epileptic seizures and requires continual supervision. Pursuant to the 1974 divorce decree, the trial court ordered child support payments in the amount of $75 per month for Marsha, and $50 per month for Mary.

In August of 1979, defendant moved the court for an order modifying the original decree.[2] During the interim, plaintiff (who was then and is now employed as the Chief of Police of Salina, Utah) had received a modest increase in salary and had also begun a trucking business in the area, which had begun well, but had shown a loss for

---

1. Both sons have now attained majority, and the trial court action below does not deal with their support.

2. In accordance with U.C.A., 1953, 30–3–5, as amended.

1978, and projected another for 1979. Plaintiff had also remarried, and his wife was contributing to the couple's support from earnings of her own. Defendant was engaged in sales work and had various positions, but was unable to secure full–time employment due to her daughter Marsha's condition, worsened in 1978 as the result of an accident which produced severe burns over much of her body.

Following hearing on defendant's motion, the trial court entered an order modifying the decree of 1974, ordering plaintiff to pay $150 per month in support of Marsha, and $100 per month in support of Mary. Plaintiff now petitions this Court for a reversal of the trial court's ruling.

Plaintiff first asserts that the evidence before the trial court did not justify the modification. Specifically, plaintiff argues that (1) the trial court improperly took cognizance of the separate income earned by plaintiff's present wife, and (2) the trial court improperly discounted plaintiff's present financial difficulties and saddled him with an inequitably heavy burden.

While divorce proceedings under Utah law are essentially equitable in nature and subject to review both in matters of fact and law, the trial court is given a broad degree of discretion, its findings being subject to reversal only where clear abuse occurs.[3]

■ A trial court is justified in modifying a prior decree of divorce where the parties seeking modification proves a substantial and permanent change of circumstances necessitating the modification.[4] Relevant to such a showing are changes in the income of the supporting spouse,[5] and increased needs on the part of the children.[6]

■ There was, in the instant case, competent and relevant evidence to support the trial court's finding that, between the time of the original divorce decree and the time of defendant's motion for modification, plaintiff's income from his position with the city of Salina, Utah, had increased by more than $200 per month. It was furthermore shown that, during the same period, the needs of both daughters of the marriage had increased substantially. This was due to an increase in the cost of living during the period in question, the advancement of the younger daughter, Mary, into her high school years, and Marsha's further incapacitation by reason of her accident. These circumstances, without more, seem amply to justify the trial court's action in increasing the previously inadequate child support payments.

■ Plaintiff alleges impropriety on the part of the trial court in considering, as part of its deliberation, the income earned by plaintiff's present wife. While it is true that a stranger to a divorce action should not be constrained, by reason of marriage, to lend financial support to his or her spouse's children by a prior marriage, the court is not precluded from taking such circumstances into consideration in determining the ability of one who does have the legal obligation of support.[7]

■ Plaintiff also raises the matter of a trucking business which he had begun during the period following the divorce in 1974. The business showed a profit for the year 1977, but suffered out–of–pocket losses in 1978 and the period of 1979 preceding initiation of the present action. In this regard, we note first that plaintiff, due to

---

3. *Jorgensen v. Jorgensen*, Utah, 599 P.2d 510 (1979); *Pope v. Pope*, Utah, 589 P.2d 752 (1978); *English v. English*, Utah, 565 P.2d 409 (1977).

4. *Mitchell v. Mitchell*, Utah, 527 P.2d 1359 (1974); *Gale v. Gale*, 123 Utah 277, 258 P.2d 986 (1953); *Gardner v. Gardner*, 111 Utah 286, 177 P.2d 743 (1947).

5. *Harrison v. Harrison*, 22 Utah 2d 180, 450 P.2d 456 (1969).

6. *Wright v. Wright*, Utah, 586 P.2d 443 (1978); *Owen v. Owen*, Utah, 579 P.2d 911 (1978).

7. Annot., 89 A.L.R.2d 106, 126; see also, *Heltman v. Heltman*, 29 Utah 2d 444, 511 P.2d 720 (1973).

disabilities suffered in an airplane accident, intends to transfer the trucking business to his sons. The business will hence no longer be a drain on the income from his position with Salina City. Second, and more important, a parent may not intentionally escape child support obligations by channeling income into losing business ventures. Where the needs of children have substantially increased over time, a divorce court does not abuse its discretion by placing the financial satisfaction of those needs ahead of the speculative business practices of the supporting parent.

■ Plaintiff finally argues, in this regard, that defendant has been receiving a monthly payment from Social Security for support of their daughter Marsha, based on her condition. This payment, states plaintiff, would be decreased commensurate with any increase in support payment ordered by the trial court. Hence, reasons plaintiff, the increased support payment to the eldest daughter Marsha would confer upon her no net benefit. We observe in this regard that plaintiff should not be permitted to avoid support obligations simply because a government agency has been filling them in his stead. The Social Security payment punctuates the need in which defendant and her eldest daughter find themselves; it does not excuse plaintiff from his legal duty to fill that need to the best of his capacity. Both the common law [8] and statutory law [9] recognize the parents as bearing the primary responsibility for support of their children.

■ Plaintiff's second main contention deals with that aspect of the trial court's order providing child support for Marsha Kaye Kiesel beyond her 21st birthday.

Plaintiff argues that, under Utah law,[10] a divorce court may order support of children to the age of 21, and no longer.

This Court recently ruled in the decision of *Dehm v. Dehm* [11] that the absence of a definition of the word "children" in Utah's divorce statutes, coupled with the highly equitable nature of divorce proceedings, leaves a divorce court free to order support for children so long as any obligation to do so remains under the law. Utah's "Uniform Civil Liability For Support Act," [12] which calls for support by every married person of his or her spouse and children, defines the term "child" as a son or daughter under the age of 18 years and a son or daughter of whatever age who is incapacitated from earning a living and without sufficient means.[13]

It is clear that Marsha Kaye Kiesel's condition has incapacitated her from earning a living. As our discussion *supra* indicated, she is likewise presently without sufficient means of self–support. As such, the trial court was justified in continuing support payments beyond her 21st birthday.

■ Plaintiff asserts that the Uniform Civil Liability For Support Act is inapplicable in divorce actions. In support thereof, he cites the decision of *Stanton v. Stanton*,[14] which ruled that the statutory period of minority established by U.C.A., 1953, 15–2–1 (prior to amendment), violated equal protection, in that the period extended to 18 years for females, but to 21 years for males. Observing that the question of the statute's constitutionality arose out of a divorce decree, plaintiff argues that the section in question contains the exclusive valid definition of "child" for purposes of divorce proceedings. The assertion is without merit. When the case of *Stanton v. Stanton* came

---

**8.** 79 Am.Jur.2d, Welfare Laws, § 76.

**9.** U.C.A., 1953, 17–14–1.

**10.** U.C.A., 1953, 15–2–1, as amended.

**11.** Utah, 545 P.2d 525 (1976).

**12.** U.C.A., 1953, 78–45–1, et seq.

**13.** U.C.A., 1953, 78–45–2.

**14.** 421 U.S. 7, 95 S.Ct. 1373, 43 L.Ed.2d 688 (1975).

before this Court for the first time,[15] the trial court had specifically applied Section 15–2–1, the matter having arisen when the husband discontinued child support payments to the daughter of the marriage upon her 18th birthday. No question of incapacitation existed in that decision, nor was there considered the question of whether or not a trial court has the right to apply an alternative statutory definition to the term "child" where circumstances warrant. This latter question has, as we have indicated above, been elsewhere decided in the affirmative.

The order of modification of the trial court is hereby affirmed. Costs to defendant.

CROCKETT, C. J., STEWART and WILKINS, JJ., and F. HENRI HENRIOD, Retired Justice, concur.

MAUGHAN, J., does not participate herein.

**15.** 30 Utah 2d 315, 517 P.2d 1010 (1974).