A. Lamar HANSEN, Plaintiff and Appellant,

v.

Cynthia Ann HANSEN, Defendant and Respondent.

No. 860198–CA.

Court of Appeals of Utah.

May 12, 1987.

---

Randall J. Holmgren, Shields, Shields & Holmgren, Salt Lake City, for A. Lamar Hansen.

John E. Schindler, Price, for Cynthia Hansen.

Before JACKSON, GARFF and BILLINGS, JJ.

## OPINION

JACKSON, Judge:

In his appeal of an April, 1986, judgment and decree of divorce, appellant A. Lamar Hansen asserts that the trial court erred in: (1) ordering him to pay $140 per month in child support; (2) ordering him to pay a $3,000 debt to his father; and (3) using an unconstitutional presumption in awarding custody of the parties' young son to respondent, Cynthia Ann Hansen. He also challenges the sufficiency of the court's findings of fact to support the custody award. We affirm the judgment below.

 The trial court is permitted considerable discretion in adjusting the financial interests of the parties to a divorce, and its actions are entitled to a presumption of validity. *Argyle v. Argyle*, 688 P.2d 468, 470 (Utah 1984); *Savage v. Savage*, 658 P.2d 1201, 1203 (Utah 1983). We will not upset the trial court's apportionment of financial responsibilities in the absence of manifest injustice or inequity that indicates a clear abuse of that discretion. *Cf. Turner v. Turner*, 649 P.2d 6, 8 (Utah 1982).

Appellant first contends that he should have been ordered to pay only $78.00 per month in child support rather than $140.00. This argument is based on his monthly income of $1,700 and an obligation to pay child support for four children from a previous marriage. He also argues that $78.00 is the proper support amount because it is shown on a schedule allegedly used in the Seventh Judicial District.

 The schedule was not offered as evidence at trial. If offered, its admissibility would be questionable. The record reveals that the trial judge had properly before him lists of the parties' myriad debts and meager assets, their tax forms, financial declarations, paycheck stubs, and monthly household expenses. The judge was informed of their respective earning capacities and the fact that respondent had been receiving public assistance. He evaluated the support needs of the minor child and the parties' relative abilities to meet them. Appellant had been paying court-ordered temporary child support of $140 since May, 1985, and his payments were current at the time of trial. He made no attempt to demonstrate an inability to continue making those payments. We hold it was not an abuse of discretion for the court to set child support at $140 per month.

 Neither are we persuaded that the trial judge abused his discretion in dividing the parties' substantial debts. Appellant complains that the part of the decree ordering him to pay one particular $3,000 debt to his father is inconsistent with a previous

order of the court directing Cynthia Ann Hansen to pay all debts arising out of fines owed for her previous criminal convictions. There was, however, conflicting evidence about whether the loan of $3,000 was used to pay her bail or to pay household expenses. The trial judge considered the nature of all the debts, the parties' relative abilities to repay them, and their conflicting claims about the use made of the $3,000 loan. We see no manifest injustice or inequity in the judge's allocation of debts between the parties.

Appellant next contends that the trial court used an unconstitutional preference for the respondent in awarding her custody of their 30–month-old son. Such a gender-based custodial preference for mothers of small children, called the "tender years" presumption, was explicitly disapproved by the Utah Supreme Court in *Pusey v. Pusey*, 728 P.2d 117, 120 (Utah 1986), three months after the Hansens' divorce trial.

At the trial, each party presented evidence of the other's lack of fitness as a proper custodian. This included evidence of appellant's physical abuse of the respondent, as well as his former wife, and evidence of respondent's convictions for money order theft, check alteration, and making a false statement on a loan application. Appellant claims that a gender-based preference was used to tip the scales in respondent's favor, based on one highlighted sentence in the judge's ruling from the bench:

> Custody of the child will be awarded to the defendant. The reason for that is as follows:
>
> The court finds that the defendant is the primary care-giving parent. The only thing anybody can really say bad about this party is that she has been in trouble.
>
> On the other hand, by the plaintiff's own admission he has committed, I think, six different assaults, which has got to count for something. So if they are going to start painting each other black, I think the brush will fit both. *I don't find any reason to deprive her of custody.* It seems to have worked. I don't see anything wrong with her as a custodial parent. From the testimony that's

been given here, particularly by the preschool lady, she has been working very diligently in taking care of this child, and the court finds that she is a fit and proper person and does award custody to her.

 We do not believe the emphasized remark shows any use of an improper preference in awarding custody to respondent. The trial judge was referring to the fact that, at the time of trial in April, 1986, the child had been in the sole custody and care of his mother since the parties separated in February, 1985. His reference to not depriving her of custody reflects this fact and shows that he considered which parent the child had lived with during the pendency of the divorce. Although not determinative, this is one of many relevant factors in a custody determination. *Pusey*, 728 P.2d at 120.

The judge's oral findings quoted above, recorded in court in the presence of the parties, are also germane to the final issue raised by appellant. He asserts that the written findings of fact pertaining to custody are insufficient to show that the award was based on a determination of the child's best interests. He relies on *Smith v. Smith*, 726 P.2d 423 (Utah 1986) and *Hutchison v. Hutchison*, 649 P.2d 38 (Utah 1982).

In *Smith*, the Utah Supreme Court determined that the trial court's written findings of fact in a custody dispute were inadequate to afford the noncustodial parent a meaningful appellate review of the custody award. *Smith*, 726 P.2d at 426. The Court described adequate factual findings as follows:

> To ensure that the trial court's custody determination, discretionary as it is, *Hutchison v. Hutchison*, 649 P.2d at 41, is rationally based, it is essential that the court set forth in its findings of fact not only that it finds one parent to be the better person to care for the child, but also the basic facts which show why the ultimate conclusion is justified.

*Smith*, 726 P.2d at 426.

In the case before us, there is only one written finding of fact that relates to child custody:

10. Defendant is a fit and proper person to be awarded the care, custody and control of the minor child of the parties subject to the following visitation rights provided the plaintiff properly demean himself:

[detailed dates and times of visitation by appellant]

In holding that a custody decision must be supported by *written* findings and conclusions, the Court in *Smith* cited *Hutchison* and Utah R.Civ.P. 52(a). The Court concluded that the trial judge's statements while ruling from the bench were "not a sufficient substitute for adequate findings." *Smith*, 726 P.2d at 426.

Under the standard enunciated in *Smith* and *Hutchison*, the one conclusory written finding quoted above, by itself, is clearly inadequate to support the custody determination. *See also Martinez v. Martinez*, 728 P.2d 994 (Utah 1986). Our inquiry, however, does not end here. Subsequent to *Smith*, there was a material amendment of Utah R.Civ.P. 52(a). It now reads:

(a) Effect.

In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon, and judgment shall be entered pursuant to Rule 58A.... *Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses.* The findings of a master, to the extent that the court adopts them, shall be considered as the findings of the court. *It will be sufficient if the findings of fact and conclusions of law are stated orally and recorded in open court following the close of the evidence....*

■ The emphasized sentences were added by order of the Utah Supreme Court on October 30, 1986, and became effective on January 1, 1987. The new provisions govern in all actions pending on the effective date. *Cf.* Utah R.Civ.P. 1(b).[1] Thus, Rule 52(a) now explicitly authorizes us to look beyond the written findings of fact to the trial record and evaluate the sufficiency of the judge's oral findings, quoted above, rendered from the bench. It is apparent from those findings that the trial judge considered and weighed several factors in reaching a custody determination that was in the best interests of the Hansens' minor son. They include: appellant's history of assaultive behavior; respondent's history of criminal behavior; the identity of the primary caretaker of the child during the marriage; parenting abilities; the stability of the child's environment; and the identity of the custodian during the pending divorce. Each of these factors is relevant in a custody determination. *Smith v. Smith*, 726 P.2d at 426 (specific attributes of the parents); *Pusey v. Pusey*, 728 P.2d at 120 (identity of primary caretaker, environmental stability, custodian during lengthy pendency of custody determination); *Hutchison v. Hutchison*, 649 P.2d at 41 (moral character and emotional stability of parents, temporary custodian); *Martinez v. Martinez*, 728 P.2d at 995 (ability of each parent to meet child's needs).

We hold that the oral findings made by the trial judge at the close of the evidence are sufficient to support the custody award and demonstrate that the determination was based on factors relevant to the best interests of the Hansens' son. They provide this Court, and the parties themselves, with a detailed and logical factual basis for the ultimate decision awarding custody to respondent, thus satisfying the requirements of Utah R.Civ.P. 52(a) and *Smith*.

1. These rules shall take effect on January 1, 1950; and thereafter all laws in conflict therewith shall be of no further force or effect. They govern all proceedings in actions brought after they take effect and also *all further proceedings in actions then pending,* except to the extent that in the opinion of the court their application in a particular action pending when the rules take effect would not be feasible or would work injustice.... Utah R.Civ.P. 1(b) (emphasis added).

The first emphasized sentence of amended Rule 52(a) was recently applied as the controlling standard of appellate court review of a trial court's findings of fact. *Ashton v. Ashton*, 733 P.2d 147, 150 (Utah 1987).

The judgment is affirmed. Costs to respondent.

GARFF and BILLINGS, JJ., concur.