**Barbara L. CROCKETT, Plaintiff and Appellant,**

v.

**Craig R. CROCKETT, Defendant and Appellee.**

No. 910518–CA.

Court of Appeals of Utah.

Aug. 7, 1992.

David S. Dolowitz (argued), Cohne, Rappaport & Segal, P.C., Salt Lake City, for plaintiff and appellant.

Mark O. Van Wagoner (argued), Kristin G. Brewer, Van Wagoner & Stevens, Salt Lake City, for defendant and appellee.

Before BENCH, GREENWOOD and JACKSON, JJ.

## OPINION

BENCH, Presiding Judge:

Barbara Crockett (now Mrs. Baldwin) appeals the trial court's denial of her request that an increased award of child support be applied retroactively, and the trial court's denial of her request for costs and attorney fees. We affirm.

## I. FACTS

The parties were married in 1973 and later had two children. In 1979 they were divorced. The parties entered into a stipulated agreement for the amount of child support and alimony and the disposition of the parties' real and personal property. The decree of divorce incorporated the stipulation and awarded Mrs. Baldwin a total of $500 per month child support, $800 per month alimony, $750 in attorney fees, and certain marital property.

On February 15, 1990, Mrs. Baldwin petitioned the court to modify the decree. Mrs. Baldwin sought to increase Mr. Crockett's child support obligation to $2,800 per month. She also sought to apply the increased child support retroactively to January 6, 1990, and to require Mr. Crockett to pay the costs and attorney fees associated with bringing and maintaining the modification proceeding. Mrs. Baldwin's petition was served on Mr. Crockett on March 9,

1990. Mr. Crockett filed an answer and counterclaim on March 29, 1990.

At a pretrial conference on January 2, 1991, Mr. Crockett was permitted to file an amended counterclaim wherein he asked for joint legal custody and that physical custody be awarded to him. Mr. Crockett claims he filed the counterclaim because he believed Mrs. Baldwin was suffering from a physical malady that made it impossible for her to continue to care for the children. Upon learning that her physical problem could be controlled, Mr. Crockett voluntarily withdrew his amended petition on May 24, 1991.

On June 17, 1991, the trial court entered its findings of fact, conclusions of law, and order. The court ordered Mr. Crockett to pay child support totaling $1,400 per month.[1] The court also ordered that the increased child support should not be applied retroactively, and that the parties were to bear their own costs and attorney fees. On appeal, Mrs. Baldwin claims that the trial court erred in not making the increased child support award retroactive to the date of her petition, and in denying her costs and attorney fees.

## II. STANDARD OF REVIEW

 Trial courts may exercise broad discretion in adjusting the financial interests of parties to divorce and modification proceedings, so long as the decision is within the confines of legal precedence. *Hansen v. Hansen*, 736 P.2d 1055, 1056 (Utah App. 1987); *Cummings v. Cummings*, 821 P.2d 472, 474–75 (Utah App.1991); *see also Rudman v. Rudman*, 812 P.2d 73, 76 (Utah App.1991) (trial courts have broad discretion in awarding attorney fees in divorce proceedings); *Haumont v. Haumont*, 793 P.2d 421, 424 (Utah App.1990) (trial courts have broad discretion in awarding alimony). Where a trial court may exercise broad discretion, we presume the correctness of the court's decision absent "manifest injus-

---

1. This is the highest amount of child support recommended under Utah Code Ann. § 78–45–7.14 (1991). The court has the discretion, however, to award more or less support where circumstances warrant. *See* section 78–45–7.12; *see also Jefferies v. Jefferies*, 752 P.2d 909 (Utah App.1988). In this case, the court did not exercise its discretion to award more child support and Mrs. Baldwin has not appealed the amount of the award.

tice or inequity that indicates a clear abuse of ... discretion." *Hansen,* 736 P.2d at 1056 (citing *Turner v. Turner,* 649 P.2d 6, 8 (Utah 1982)); *see also Whitehead v. Whitehead,* 836 P.2d 814, 816 (Utah App. 1992).

## III. ANALYSIS

### A. Retroactive Increase in Child Support

■ Mrs. Baldwin argues that the trial court abused its discretion in not making the increased award retroactive since Mr. Crockett had the ability to pay the increased amount throughout the proceedings. Utah Code Ann. § 30–3–10.6(2) (1989) allows a trial court to make an increased child support award effective at any time after notice of the petition has been given to the adverse party. Section 30–3–10.6(2) provides:

> A child or spousal support payment under a child support order *may* be modified with respect to any period during which a petition for modification is pending, but only from the date notice of that petition was given to the obligee, if the obligor is the petitioner, or to the obligor, if the obligee is the petitioner.

(Emphasis added.) The use of the term "may" gives the trial court discretion to determine when and if the award should be made retroactive. According to its ordinary construction the word "may" means permissive, and it should receive that interpretation unless such a construction would be obviously repugnant to the intention of the Legislature or would lead to some other inconvenience or absurdity. *Purcell v. Wilkins,* 57 Utah 467, 470, 195 P. 547, 548 (1921). The only substantive limitation on the trial court's discretion to retroactively modify a support award is that the modification can run "only from the date notice of [the] petition was given" to the adverse party. Beyond that, the statute grants to the trial court full discretion to decide when an increased award should be made effective.

At trial, Mrs. Baldwin argued that the increased support should be made retroactive to the date of service of the modification petition because Mr. Crockett engaged in a "campaign" of delay. The trial court found that "[n]o inappropriate delay has been established," and declined to make the award retroactive. In order to successfully challenge the court's ruling on the grounds of delay, Mrs. Baldwin must challenge the trial court's factual finding that no inappropriate delay was established.

■ In challenging a finding of fact of the trial court, Mrs. Crockett must demonstrate that the finding was clearly erroneous. Utah R.Civ.P. 52(a); *Crouse v. Crouse,* 817 P.2d 836, 838 (Utah App.1991). To demonstrate that a finding is clearly erroneous, Mrs. Baldwin must first marshal all the evidence that supports the finding and then demonstrate that despite this evidence the finding is so lacking in support as to be "against the clear weight of the evidence." *Id.* This marshaling requirement is a prerequisite to the appellate court's examination of the finding. *See Grayson Roper Ltd. Partnership v. Finlinson,* 782 P.2d 467, 470–71 (Utah 1989); *Ashton v. Ashton,* 733 P.2d 147, 150 (Utah 1987); *Fitzgerald v. Critchfield,* 744 P.2d 301, 304 (Utah App.1987). "If the appellant fails to marshal the evidence, the appellate court assumes that the record supports the findings of the trial court and proceeds to a review of the accuracy of the lower court's conclusions of law and application of that law in the case." *Saunders v. Sharp,* 806 P.2d 198, 199 (Utah 1991) (per curiam) (citations omitted).

■ Mrs. Baldwin has neither marshaled the evidence in support of the finding nor demonstrated that the finding is clearly erroneous, but instead cites only evidence that supports the outcome she desires. *See Crookston v. Fire Ins. Exch.,* 817 P.2d 789, 800 (Utah 1991) (citing only evidence favorable to one's position "does not begin to meet the marshalling burden...."). We therefore assume that the record supports the finding of the trial court.

On appeal, Mrs. Baldwin urges this court to impose upon our trial courts guidelines from other jurisdictions governing the ap-

plication of retroactive support.[2] As indicated above, however, Mrs. Baldwin's sole argument for retroactive application at trial was that Mr. Crockett unduly delayed the proceedings. Mrs. Baldwin therefore requests that we adopt a legal standard never presented below, and then make particular factual findings not made below under that legal standard. We are governed by the general principle that matters not placed in issue at trial cannot be considered for the first time on appeal.

Orderly procedure, whose proper purpose is the final settlement of controversies, requires that a party must present his entire case and his theory or theories of recovery to the trial court; and having done so, he cannot thereafter change to some different theory and thus attempt to keep in motion a merry-go-round of litigation.

*Simpson v. General Motors Corp.*, 24 Utah 2d 301, 303, 470 P.2d 399, 401 (1970); *see also Zions First Nat'l Bank v. National Am. Title Ins. Co.*, 749 P.2d 651, 654 (Utah 1988); *Trayner v. Cushing*, 688 P.2d 856, 857 (Utah 1984); *Bangerter v. Poulton*, 663 P.2d 100, 102 (Utah 1983); *Franklin Fin. v. New Empire Dev. Co.*, 659 P.2d 1040, 1044 (Utah 1983). Because Mrs. Baldwin did not raise this matter before the trial court, we do not address it for the first time on appeal. We therefore affirm the trial court's decision not to apply the increased child support retroactively.

### B. Costs and Attorney Fees

■ Mrs. Baldwin also argues that the trial court abused its discretion in denying her costs and attorney fees in the amount of $23,679.66. A trial court has the discretion to award costs and attorney fees in

divorce and modification proceedings pursuant to Utah Code Ann. § 30–3–3 (1989).[3] *Crouse*, 817 P.2d at 840. However, the trial court must base its decision to award attorney fees upon evidence of the financial need of the receiving spouse, the ability of the other spouse to pay, and the reasonableness of the fees. *Bell v. Bell*, 810 P.2d 489, 493 (Utah App.1991); *see also Rasband v. Rasband*, 752 P.2d 1331, 1337 (Utah App.1988); *Talley v. Talley*, 739 P.2d 83, 89 (Utah App.1987).[4]

■ In the present case, the trial court found that both parties were financially able to bear their own costs and attorney fees. In other words, Mrs. Baldwin did not have a need for costs and attorney fees. Mrs. Baldwin argues that the court improperly considered her present husband's income in determining that she had no "need." She maintains that since a stepparent's income cannot be considered in calculating child support under section 78–45–7.4, that income should not, by analogy, be used in deciding whether to award costs and attorney fees under section 30–3–3.

The supreme court considered a similar argument in *Kiesel v. Kiesel*, 619 P.2d 1374 (Utah 1980), wherein the father argued that the trial court improperly considered his new wife's income in setting his child support obligations. After recognizing the broad degree of discretion granted the trial court, the supreme court held:

> While it is true that a stranger to a divorce action should not be constrained, by reason of marriage, to lend financial support to his or her spouse's children by a prior marriage, the court is not precluded from taking such circumstances into consideration in determining the ability

---

2. The guidelines urged by Mrs. Baldwin would make retroactive support mandatory if Mr. Crockett had the ability to pay throughout the action, the children have a present need, and the need has existed during the pendency of the action.

3. This section provides: "The court may order either party to pay to the clerk a sum of money for the separate support and maintenance of the adverse party and the children, and to enable such party to prosecute or defend the action."

4. Similarly, the trial court must base its award of costs on the need of the receiving spouse and the ability of the other spouse to pay. *Peterson v. Peterson*, 818 P.2d 1305, 1310 (Utah App. 1991). Costs and attorney fees are generally considered separately. *See, e.g., Morgan v. Morgan*, 795 P.2d 684, 686–87 (Utah App.1990). Since we are called upon to examine the finding of no need, which finding is common to both questions, we consider costs and attorney fees together.

of one who does have the legal obligation of support.

*Id.* at 1376.

Since the supreme court's holding in *Kiesel,* the legislature has limited the discretion of trial courts by prohibiting them from considering a new spouse's income in setting child support obligations. *See* section 78–45–7.4. Inasmuch as the legislature has not placed a similar prohibition on considering a new spouse's income when determining whether to award attorney fees and costs, the discretionary arena within which the trial court must make its decision is similar to that in place when the supreme court made its ruling in *Kiesel.* We therefore similarly hold that a trial court is not precluded as a matter of law from considering the income of a receiving parent's new spouse when determining the receiving parent's "need" for costs and attorney fees.

Mrs. Baldwin has failed to show how, given the particular facts of this case, the trial court's decision creates a "manifest injustice or inequity that indicates a clear abuse of ... discretion." *Hansen,* 736 P.2d at 1056. We therefore do not disturb the trial court's ruling that Mrs. Baldwin was not entitled to costs and attorney fees.

## IV. CONCLUSION

We hold that the trial court did not abuse its discretion in denying the retroactive application of the increased child support. Additionally, we hold that the trial court did not abuse its discretion in not awarding Mrs. Baldwin costs and attorney fees. The judgment of the trial court is affirmed.

GREENWOOD and JACKSON, JJ., concur.