Jeffery LeRoy WHITEHEAD,
Plaintiff and Appellee,

v.

Elizabeth Ann WHITEHEAD,
Defendant and Appellant.

No. 910205–CA.

Court of Appeals of Utah.

Aug. 7, 1992.

Mary C. Corporon (argued), Corporon & Williams, P.C., Salt Lake City, for defendant and appellant.

Wayne B. Watson (argued), Watson, Scribner & Burrows, Provo, for plaintiff and appellee.

Before BENCH, ORME and RUSSON, JJ.

## OPINION

BENCH, Presiding Judge:

Elizabeth Ann Whitehead appeals a supplemental divorce decree and judgment retroactively relieving Jeffery LeRoy Whitehead from paying Mrs. Whitehead unpaid temporary family support arrearages. Mrs. Whitehead also contests the distribution of marital debts and business assets and challenges the district court's failure to award her alimony and attorney fees. We affirm in part, and reverse and remand in part.

## FACTS

From 1983 until 1988, Mr. and Mrs. Whitehead owned a janitorial business. During that time, they maintained one checking account from which they paid personal expenses as well as business expenses. Mr. Whitehead prepared the quarterly tax returns for the business. Between March, 1986 and September, 1988, the Whiteheads withheld $25,609.21 from employee paychecks, but failed to pay the withholding taxes. Consequently, both the IRS and the State Tax Commission hold tax liens against the Whiteheads. Mr. and Mrs. Whitehead each filed bankruptcy and consequently have no marital debts other than the tax liens. As the Whiteheads' janitorial business began to decline, Mr. Whitehead transferred the business to his father, a joint obligor in the business. Mr. Whitehead's father currently owns all the janitorial business assets, and Mr. and Mrs. Whitehead retain no ownership interest in the business.

Mr. and Mrs. Whitehead separated in June, 1988 and subsequently divorced in August, 1989. The parties stipulated that Mr. Whitehead would have custody of the Whiteheads' eldest child and that Mrs. Whitehead would have custody of their remaining three children.

On August 10, 1988, a domestic relations commissioner ordered Mr. Whitehead to pay as ongoing support and alimony the monthly mortgage payments of $751, and the monthly utility expenses (averaging $150) on the Whiteheads' family residence beginning August 1, 1988. Mr. Whitehead failed to make the payments. The mortgage was foreclosed in September, 1989, and Mrs. Whitehead and the children were evicted from the residence in March, 1990.

At the time of trial, in January 1991, Mrs. Whitehead earned $1,583 per month and claimed unsubstantiated living expenses of $2,283 per month. Mr. Whitehead earned $765 per month and claimed unsubstantiated living expenses of $698 per month. The district court concluded that Mr. Whitehead was substantially underemployed and imputed to him a monthly income of $1,500.

The district court awarded Mrs. Whitehead $233.75 per month for child support but denied her alimony. The court also awarded Mrs. Whitehead a judgment for the unpaid family support from March, 1990 through January, 1991. However, the court refused to award her a judgment for the unpaid family support from August, 1988 through February, 1990, the period preceding her eviction from the family residence. The court also refused to award her damages for loss of equity in the residence because the evidence was insufficient to establish the amount of equity lost. The court held each party liable for one-half of the outstanding tax liens because both parties enjoyed the benefits derived from spending the money withheld from their employees' paychecks. Finally, the court denied both parties attorney fees because the financial abilities of the parties were essentially equal, and neither party offered evidence regarding attorney fees.

Mrs. Whitehead argues on appeal that the district court erred in (1) retroactively modifying the award of temporary family

support; (2) assigning Mrs. Whitehead liability for one-half of the tax liens; (3) failing to award her alimony; (4) failing to award her an interest in the janitorial business; and (5) failing to award her attorney fees.

## STANDARD OF REVIEW

Trial courts may exercise broad discretion in divorce matters so long as the decision is within the confines of legal precedence. *Cummings v. Cummings,* 821 P.2d 472, 474–75 (Utah App.1991); *see, e.g., Haumont v. Haumont,* 793 P.2d 421, 423 (Utah App.1990) (trial courts have broad discretion in awarding alimony); *Rudman v. Rudman,* 812 P.2d 73, 77 (Utah App.1991) ("decision to award attorney fees rests within the sound discretion of the trial court...."). Because Mrs. Whitehead accepts the district court's findings of fact, but challenges the district court's legal conclusions, we review the district court's decision for correctness and afford no special deference to the district court's conclusions. *Smith v. Smith,* 793 P.2d 407, 409 (Utah App.1990). Where the district court may exercise broad discretion, we presume the correctness of the court's decision absent "manifest injustice or inequity that indicates a clear abuse of ... discretion." *Hansen v. Hansen,* 736 P.2d 1055, 1056 (Utah App.1987); *see also Crockett v. Crockett,* 836 P.2d 818, 820 (Utah App.1992).

## RETROACTIVE MODIFICATION

The district court abused its discretion when it excused Mr. Whitehead from paying the overdue family support payments that accrued prior to Mrs. Whitehead's eviction from the family home. Child and spousal support payments become unalterable debts as they accrue, and courts may not retroactively reduce or excuse past-due support obligations. *Bernard v. Attebury,* 629 P.2d 892, 894 (Utah 1981); *Scott v. Scott,* 19 Utah 2d 267, 271–72, 430 P.2d 580, 583 (1967); *Cummings,* 821 P.2d at 480–81; *see also Karren v. Department of Social Servs.,* 716 P.2d 810, 813 (Utah 1986) (rejecting Departments at-

tempt to obtain a retroactive increase in child support); *Larsen v. Larsen,* 561 P.2d 1077, 1079 (Utah 1977) (child support cannot be retroactively increased).

Mr. Whitehead urges us to carve out an exception to the general rule prohibiting retroactive modification of family support obligations. He would have us treat temporary support orders differently from permanent support orders. However, Utah statutes indicate that once temporary support obligations become due, they are no more retroactively modifiable than final decrees. Subsection 30–3–10.6(1) provides: "[e]ach payment or installment of child or spousal support under any child support order, as defined by Subsection 62A–11–401(3), is, on and after the date it is due ... a judgment with the same attributes and effect of any judgment of a district court ... [and] not subject to retroactive modification...." Subsection 62A–11–401(3) provides: " '[c]hild support order' means a judgment, decree, or order of a court *or administrative body* whether *interlocutory* or final ... which establishes or modifies child support...." (Emphasis added.) We reject Mr. Whitehead's contention that temporary support arrearages may be retroactively modified.

Mr. Whitehead further claims that awarding Mrs. Whitehead judgment for temporary support for the period when she lived in the family home rent-free would constitute "double-dipping." This argument is untenable. Mrs. Whitehead argues that when the home was foreclosed upon, she lost some equity in the family home. Clearly, at least the portion of the temporary support allocated for utilities was lost. The benefits Mrs. Whitehead may have received from remaining in the home do not relieve Mr. Whitehead from his family support obligation. *See Ebbert v. Ebbert,* 744 P.2d 1019, 1023 (Utah App.1987), *cert. denied,* 765 P.2d 1278 (Utah 1988) (maternal grandparents' ability to support minor children did not alter father's child support obligation). In addition to the financial losses, Mr. Whitehead's failure to make the mortgage payments forced Mrs. Whitehead

and the children to endure the strain and stress of relocation.

We conclude that Mrs. Whitehead is entitled to payment of unpaid support arrearages for August 1, 1988 through March 1, 1990 as a matter of law. Furthermore, Mrs. Whitehead is entitled to interest on the arrearages at the statutory rate. *See Stroud v. Stroud,* 738 P.2d 649, 651 (Utah App.1987), *aff'd,* 758 P.2d 905 (Utah 1988).

## ASSIGNMENT OF TAX LIENS

■ Mrs. Whitehead contends that the district court abused its discretion by assigning her one-half of the tax liens. Mrs. Whitehead argues that because Mr. Whitehead prepared the janitorial business's quarterly tax returns, he should be solely liable for failing to pay the employee withholding taxes. The district court concluded that Mrs. Whitehead knew the withholding taxes were not being paid, that she shared the benefits derived from spending the employees' withholdings, and that she had the power to correct the situation as a co-owner. Consequently, the court assigned her one-half the tax liens. We do not find that the district court abused its discretion in so ruling.

## ALIMONY

■ Mrs. Whitehead asserts that the district court erred in failing to award her alimony. The district court considered three factors when it denied Mrs. Whitehead alimony: 1) Mrs. Whitehead's financial condition and needs, 2) her ability to produce income, and 3) Mr. Whitehead's ability to provide support. *See Jones v. Jones,* 700 P.2d 1072, 1075 (Utah 1985). Mrs. Whitehead contends that the court did not adequately assess her financial condition and needs. Mrs. Whitehead, however, failed to prove her financial needs at trial. The court described her $2,283 monthly living expenses as "unsubstantiated," indicating that Mrs. Whitehead failed to provide evidence of her needs. Given the broad discretion of trial courts in awarding alimony, we conclude that the district court did not abuse its discretion as a matter of law when it denied Mrs. Whitehead alimony.

## ASSIGNMENT OF BUSINESS ASSETS

■ Mrs. Whitehead asserts that the district court abused its discretion in failing to award her a share of the janitorial business assets. The district court found that Mr. Whitehead's father is currently the sole owner of the janitorial business and that neither Mr. Whitehead nor Mrs. Whitehead retains an interest in the business. Consequently, the district court concluded that the janitorial business assets are not marital assets and that Mrs. Whitehead is not entitled to them. In her reply brief, Mrs. Whitehead states that she accepts the district court's findings of facts but objects to the court's legal conclusions based on those facts. Mrs. Whitehead suggests that Mr. Whitehead's father improperly acquired the janitorial business. The district court made no findings that indicate that the transfer of the business involved impropriety. The court found that Mr. Whitehead transferred the business to his father because his father was a joint obligor in the business. Given the findings of fact, the district court did not abuse its discretion in concluding that Mrs. Whitehead was not entitled to a share of the janitorial business.

## ATTORNEY FEES

■ Mrs. Whitehead contends that the district court abused its discretion in refusing to award her attorney fees. "[T]he decision to award attorney fees ... [is] within the sound discretion of the trial court." *Crouse v. Crouse,* 817 P.2d 836, 840 (Utah App.1991). The award of attorney fees "must be based on evidence of the financial need of the receiving spouse, the ability of the other spouse to pay, and the reasonableness of the requested fees." *Bell v. Bell,* 810 P.2d 489, 493 (Utah App. 1991). The district court concluded that the financial abilities of each party were essentially equal, and that Mrs. Whitehead did not offer sufficient evidence regarding attorney fees at trial. *See Maughan v. Maughan,* 770 P.2d 156, 162 (Utah App.

1989) (an attorney fee award must be supported by evidence of the financial need of the recipient and the reasonableness of the award). Mrs. Whitehead has failed to show that the district court's denial of attorney fees manifests a clear abuse of discretion.

## CONCLUSION

We conclude that the district court erred as a matter of law by retroactively excusing Mr. Whitehead of his family support payments; therefore, we reverse and remand for an award of unpaid support arrearages plus interest. We affirm on the remaining issues because Mrs. Whitehead has failed to show that the district court abused its discretion.

ORME, J., concurs.

RUSSON, J., concurs in result.