414 P.2d 970

Catherine Deon **ALBRECHTSEN**, Plaintiff and Appellant,

v.

Ray H. **ALBRECHTSEN**, Defendant and Respondent.

No. 10468.

Supreme Court of Utah.

June 3, 1966.

Stephen L. Johnston, Salt Lake City, for appellant.

Leon Halgren, Salt Lake City, for respondent.

WADE, Justice.

This is an appeal from an order quashing a writ of garnishment, issued and served upon the employer of Ray H. Albrechtsen by the attorney who had obtained a divorce from him for Catherine Deon Albrechtsen, in which suit she had been awarded a sum of $250 for attorney's fees.

We have not been favored with a brief from respondent. However, from the record it appears that defendant and respondent herein, Ray H. Albrechtsen, filed a motion to quash the writ of garnishment. The motion was supported by the affidavit of his former wife that the attorney who caused the writ to be issued and served no longer represents her in this case; that the issuance of the writ was not authorized by her; and further, that he had been paid the full amount of attorney's fees he had agreed to accept for his services to obtain the divorce.

After a hearing upon the motion to quash the writ of garnishment the motion was granted and an order entered quashing the writ. This appeal is brought by the attorney who represented Catherine Deon Albrechtsen in the above entitled action. In his brief the attorney denies that he has been fully paid according to the contract between himself and his former client and contends that he had the right to have the writ issued because he had an attorney's lien on the judgment. The record does not disclose any proceedings taken or even an application to the court by this attorney to intervene in the above entitled action to enforce an attorney's lien for his fees where the amount and extent of his lien, if any, could have been determined. Such would have been the proper procedure.[1] It is reasonable to assume that the plaintiff in the above entitled case, who denies that she authorized the garnishment proceedings

---

1.  7 Am.Jur.2d p. 215, § 304; Kourbetis v. Nat'l Copper Bank of Salt Lake City, 71 Utah 232, p. 238, 264 P. 724.

against her former husband, is not appealing from the judgment of the court quashing those proceedings. Her former attorney, having failed to intervene as a party in the original action for divorce to enforce any lien he may have for services rendered in that case, has no standing to appeal from the action of the court in the garnishment proceedings [2] brought in that case.

The attempted appeal is dismissed.

HENRIOD, C. J., and McDONOUGH, CROCKETT, and CALLISTER, JJ., concur.