Leon H. SAUNDERS; Robert Felton; Saunders Land Investment Corp., a Utah corporation; White Pine Ranches, a Utah general partnership; White Pine Enterprises, a Utah general partnership; and Kenneth R. Norton, dba Interstate Rentals, Inc., a Nevada corporation, Plaintiffs and Petitioners,

v.

John C. SHARP and Geraldine Y. Sharp, Defendants and Respondents.

No. 900360.

Supreme Court of Utah.

Feb. 12, 1991.

Robert M. Anderson, Salt Lake City, for Leon H. Saunders, Robert Felton, and Saunders Land Inv. Corp.

Glen D. Watkins, Bruce Wycoff, Salt Lake City, for White Pine Ranches and White Pine Enterprises.

John B. Anderson, Salt Lake City, for Kenneth R. Norton and Interstate Rentals.

Donald J. Winder, Kathy A. F. Davis, Salt Lake City, for John C. and Geraldine Y. Sharp.

PER CURIAM:

This matter is before the court on plaintiffs' petition for a writ of certiorari to review the decision of the court of appeals in *Saunders v. Sharp,* 793 P.2d 927 (Utah

Ct.App.1990). The petition is granted. Further briefing by the parties ·and oral argument are deemed unnecessary, as the arguments in the petition briefs are adequate for our determination. This matter is remanded to the court of appeals for modification of its opinion in accordance with this opinion.

Plaintiffs purchased approximately sixty acres of unimproved real property from defendants under a contract which consisted of several separate memoranda to be interpreted together. Both parties agree that the property was to be developed and resold in residential lots consisting of four or five acres, as a planned unit development ("PUD"). Defendants, as sellers, agreed to release and convey one PUD lot upon receipt of each $140,000 paid in principal. Initially, plaintiffs platted only half the property. On December 23, 1983, the plat of phase I of the project was recorded in the office of the Summit County Recorder. Six five-acre lots and a private internal roadway were described on the plat. Defendants executed a deed to lots 1 through 5, as requested by plaintiffs, pursuant to the release clause of the contract.

Plaintiffs breached the contract by making only a partial payment on the real property taxes in November 1984. In addition, they were able to pay only a portion of the 1985 annual payment. Nevertheless, they state that they previously paid sufficient principal to cover the purchase price of the platted lot 6, all of the internal roadway of phase I, and 7.35 acres of the unplatted acreage. Plaintiffs claim that under the release clause of the contract, they are entitled to the release of all property paid for, in spite of their prior breach. By their complaint, plaintiffs sought conveyance of Defendants counterclaimed for foreclosure.

The trial court found that the contract required plaintiffs to designate the property to be conveyed pursuant to the release clause, and plaintiffs had never requested conveyance of any property except the first five platted lots. In its statements of applicable law, the trial court stated that plaintiffs' breaches were material, significant, and continuing and were uncured when plaintiffs requested release of the roadway,

lot 6, and the additional 7.35 acres from the unplatted property. Accordingly, the trial court denied specific performance and granted judgment to defendants. Plaintiffs appealed, and the matter was poured-over to the Utah Court of Appeals for review.

On appeal, plaintiffs reiterated their claim that they are entitled, under the contract, to conveyance of all property paid for, in spite of their breach of the contract by nonpayment of the entire purchase price. The court of appeals interpreted the argument as a challenge to the findings of fact made by the trial court. In its opinion, the court of appeals made this statement:

> Since buyers have not marshaled the evidence in support of those findings, but merely argue that there is evidence contradicting them, they have failed to demonstrate that the findings are against the clear weight of the evidence. We must therefore accept the findings as valid *and affirm the judgment.*

793 P.2d at 931 (emphasis added).

 As far as its review of plaintiffs' challenges to the findings of fact is concerned, the court of appeals was correct. An appellate court does not lightly disturb the verdict of a jury nor the findings of fact made by a trial court. If a challenge is made to the findings, an appellant must marshal all evidence in favor of the facts as found by the trial court and then demonstrate that even viewing the evidence in a light most favorable to the court below, the evidence is insufficient to support the findings of fact. If the appellant fails to marshal the evidence, the appellate court assumes that the record supports the findings of the trial court and proceeds to a review of the accuracy of the lower court's conclusions of law and the application of that law in the case. *Grayson Roper Ltd. v. Finlinson,* 782 P.2d 467, 470 (Utah 1989); *Scharf v. BMG Corp.,* 700 P.2d 1068, 1070 (Utah 1985).

 However, the court of appeals erred when it then automatically affirmed the judgment based on plaintiffs' failure to show the findings of fact to be unsupported. An appellate court is to review the trial court's conclusions of law for correct-

ness. *Landes v. Capital City Bank*, 795 P.2d 1127, 1129 (Utah 1990). Once the *findings of fact* (rather than the judgment) were affirmed by the appeals court, it was then incumbent on that court to review the trial court's conclusions of law and its application of the law to the facts as found. The interpretation of a contract is a matter of law for the court to determine unless the contract is ambiguous and evidence of the parties' intent (which is a matter of fact) is necessary to establish the terms of the contract. The court of appeals failed to analyze the law applicable to the case, and the case is therefore remanded to the Utah Court of Appeals for that purpose.

So ordered.