**Douglas R. CROUSE, Plaintiff and Appellant,**

v.

**Audrey CROUSE, Defendant and Appellee.**

**No. 900499–CA.**

Court of Appeals of Utah.

Sept. 11, 1991.

Kathleen McConkie (argued), Kesler & Rust, Salt Lake City, for plaintiff and appellant.

David S. Dillon (argued), Rilling & Associates, Salt Lake City, for defendant and appellee.

Before BILLINGS, ORME and RUSSON, JJ.

RUSSON, Judge:

Plaintiff, Douglas R. Crouse, appeals from an order denying his petition to modify his divorce decree as to change of custody. We affirm the trial court's ruling, but remand for a determination of reasonable attorney fees to be awarded defendant on appeal.

### FACTS

Douglas and Audrey Crouse were married December 6, 1984. On March 31, 1987, Mr. Crouse filed a complaint for divorce, and on June 1, 1988, the Crouses stipulated to an uncontested divorce. The divorce decree provided for joint legal custody of the Crouses' two children, with primary physical custody being granted to Mrs. Crouse.

On June 14, 1989, Mr. Crouse filed a petition to modify the divorce decree, seeking primary physical custody of the children on the basis of a substantial change in circumstances which, in the best interests of the children, required a change in custody. At a hearing on the petition, Mr. Crouse offered the following in support of his petition: (1) He has moved from an apartment into a house; (2) the children have recently spent almost equal time with each parent; (3) the children have started school; (4) One child, B., has a speech impediment; and (5) the custody evaluation of Dr. Gary Taylor, D.S.W., recommended that Mr. Crouse be given primary physical custody of the children.

Following the hearing, the trial court denied Mr. Crouse's petition, holding that Mr. Crouse had not presented sufficient evidence to show a substantial change in circumstances, and, in addition, awarded attorney fees to Mrs. Crouse. Mr. Crouse

appeals, raising the following issues: (1) Was there sufficient evidence to support the trial court's finding of no substantial change in circumstances? (2) Did the trial court err in denying Mr. Crouse's petition on the basis of that finding? (3) Did the trial court abuse its discretion in awarding attorney fees to Mrs. Crouse? Mrs. Crouse seeks attorney fees on appeal.

## I. SUFFICIENCY OF THE EVIDENCE

Appellate review of the sufficiency of the evidence focuses on the trial court's findings of fact. We will not disturb such findings unless they are clearly erroneous. *Hagan v. Hagan*, 810 P.2d 478, 481 (Utah App.1991) (citing *Jense v. Jense*, 784 P.2d 1249, 1251 (Utah App.1989)); *see also* Utah R.Civ.P. 52(a). The party seeking to overturn the trial court's findings has the burden of marshaling the evidence in support of the findings and then demonstrating that, despite such evidence, the findings are so lacking in support as to be against the clear weight of the evidence and, therefore, clearly erroneous. *Hagan*, 810 P.2d at 481; *see also Riche v. Riche*, 784 P.2d 465, 468 (Utah App.1989). "If the appellant fails to marshal the evidence, the appellate court assumes that the record supports the findings of the trial court and proceeds to a review of the accuracy of the lower court's conclusions of law and the application of that law in the case." *Saunders v. Sharp*, 806 P.2d 198, 199 (Utah 1991) (per curiam) (citations omitted). In the case at bar, Mr. Crouse has neither marshaled the evidence in support of the trial court's findings nor demonstrated that such findings are clearly erroneous, citing instead only the evidence that supports the outcome he desires. Thus, we assume the correctness of the trial court's findings and proceed to review its conclusions of law.

## II. REFUSAL TO MODIFY

A trial court's decision concerning modification of a divorce decree will not be disturbed absent an abuse of discretion. *Hagan v. Hagan*, 810 P.2d 478, 481 (Utah App.1991) (citing *Myers v. Myers*, 768 P.2d 979, 984 (Utah App.1989)). Moreover, "[i]t

is the burden of the party seeking modification of a divorce decree to demonstrate that there has been a substantial change in circumstances that justifies modification." *Walton v. Walton*, 814 P.2d 619, 621 (Utah App.1991) (citing *Hagan*, 810 P.2d at 482).

Mr. Crouse argues that *Elmer v. Elmer*, 776 P.2d 599 (Utah 1989), requires the trial court to base its ruling on the best interests of the children, and, therefore, the trial court abused its discretion in basing its refusal to modify the custody arrangement on the lack of a substantial change in circumstances. We disagree.

In *Hogge v. Hogge*, 649 P.2d 51, 53 (Utah 1982), the Utah Supreme Court developed a two-tier approach to obtaining a change of custody. The party seeking modification must: (1) establish that there has been a substantial change in circumstances occurring subsequent to the divorce, and (2) after showing a substantial change, further show that the change of custody is in the best interests of the child. *See also Becker v. Becker*, 694 P.2d 608 (Utah 1984). The court later qualified this rule in *Elmer*, which held that "in change of custody cases involving a nonlitigated custody decree, a trial court, in applying the changed circumstances test, should receive evidence on changed circumstances and that evidence *may* include evidence which pertains to the best interests of the child." *Elmer*, 776 P.2d at 605 (emphasis added); *see also Maughan v. Maughan*, 770 P.2d 156, 160 (Utah App.1989). The *Hogge–Becker* rule was tempered in *Elmer* because " '[t]oo rigid an application of the rule ... would lock a child into the custody of one parent or the other where there has been no determination on the merits of parenting ability of either parent and custody has been awarded only because of the default of one parent in failing to oppose the complaint of the other.' " *Elmer*, 776 P.2d at 603 (quoting *Kramer v. Kramer*, 738 P.2d 624, 629 (Utah 1987) (Howe, J., concurring)).

We recently clarified the *Elmer* rule, noting that *Elmer* did not replace the *Hogge–Becker* test with a new test requiring the trial court to look solely at the best

interests of the child. *Walton,* 814 P.2d at 621. As we explained in *Walton, Elmer* merely permitted incorporating evidence concerning the best interests of the child into the changed circumstances test in nonlitigated custody cases; it did not compel the trial court to take such evidence in every case. *Id.* at 622 n. 2. Accordingly, it was not an abuse of discretion for the trial court to base its refusal to change custody on the lack of a substantial change in circumstances without reaching the issue of the best interests of the children.

Moreover, the trial court's ruling is especially appropriate here because of the absence of exceptional criteria such as an initial custody award premised on a temporary condition, a choice between marginal custody arrangements, or a default decree. *Maughan,* 770 P.2d at 160. Nor is this a case where the refusal to change custody will result in "the continuation of custody in a parent who is indifferent to, or even destructive of, the child's welfare." *Elmer,* 776 P.2d at 604. Moreover, in the present case, although the trial court did not base its decision on the best interests of the children, it did receive evidence in that regard. The trial judge heard testimony as to the children's best interests from not only both parents, but also from Dr. Gary Taylor, D.S.W., who performed a custody evaluation concerning the Crouses' children. Taylor testified that both parents are good parents, that the children love and have bonded with both parents, and that his decision to recommend that Mr. Crouse be given primary physical custody was a judgment call. Thus, leaving the children in Mrs. Crouse's care, which fosters stability, does not leave them in the hands of someone who is indifferent to or destructive of their welfare.

■ Additionally, "we reiterate that the high threshold established in *Hogge* was set forth 'to protect the child from "ping-pong" custody awards and the accompany-

ing instability so damaging to a child's proper development.' " *Walton,* 814 P.2d at 622 (citing *Maughan,* 770 P.2d at 160). Here, Mr. Crouse seeks a change of custody on the basis that the children have recently spent almost equal time with each parent; that the children have started school; that one child, B., has a speech impediment; and that he has moved from an apartment into a house. First, the fact that Mrs. Crouse has been generous in sharing physical custody with Mr. Crouse is not a ground to change physical custody; if anything, it supports leaving primary physical custody with Mrs. Crouse, as it shows that she has lived up to the responsibilities of a custodial parent. Secondly, the fact that the children have started school does not indicate a substantial change in circumstances because only changes not contemplated by the parties at the time of divorce are relevant to the substantial change test. *Jense,* 784 P.2d at 1251. It was undoubtedly within the contemplation of the Crouses at the time of divorce that their children would attend school. Nor has Mr. Crouse shown that B.'s speech impediment is an appropriate ground for a change of custody. As to this matter, Mr. Crouse merely testified that there are facilities to aid B. with his speech problem in Salt Lake City. There was no evidence that B.'s problem could not also be treated in Scofield. Thus, Mr. Crouse has not shown that B.'s speech impediment constitutes a substantial change in circumstances.[1]

Lastly, to allow Mr. Crouse to obtain primary physical custody on the remaining ground, the fact that he has moved from an apartment to a house, would open the door for Mrs. Crouse to petition to re-modify the custody arrangements if she obtained more comfortable housing arrangements than Mr. Crouse, thus promoting, not inhibiting "ping-pong" custody. Furthermore, we have previously held that a non-custodial parent's change in housing arrangements

---

1. Moreover, even if B.'s speech impediment cannot be treated in Scofield, the remedy is not a petition to modify the original divorce decree as to custody. If the parties are unable to amicably arrange for B. to receive treatment, Mr.

Crouse's remedy is to file a motion for a temporary change of custody or a motion for a change of visitation privileges for the period of time which B. needs for treatment.

from an apartment to a house is generally not sufficient to justify a modification of custody. *See Walton*, 814 P.2d at 622. Therefore, the trial court clearly did not abuse its discretion in refusing to modify custody in this case.

### III.  ATTORNEY FEES AT TRIAL

◾ Additionally, Mr. Crouse appeals the trial court's award of attorney fees to Mrs. Crouse. Utah Code Ann. § 30–3–3 (1989) grants trial courts the power to award attorney fees in divorce cases, which award must be based on evidence of the reasonableness of the requested fees, as well as the financial need of the receiving spouse, and the ability of the other spouse to pay. *Bell v. Bell*, 810 P.2d 489, 493 (Utah App. 1991) (citing *Rasband v. Rasband*, 752 P.2d 1331, 1337 (Utah App.1988)). Both the decision to award attorney fees and the amount of such fees are within the sound discretion of the trial court. *Id.* (citing *Kerr v. Kerr*, 610 P.2d 1380, 1384 (Utah 1980)).

◾ In the case at bar, the trial court awarded Mrs. Crouse $2,500 in attorney fees. This figure was based on a proffer by Mrs. Crouse's attorney as to his hourly rate, estimated number of hours worked, and travel expenses. Mr. Crouse did not argue the reasonableness of the fees below, nor does he so argue here. The evidence that Mrs. Crouse has only a part-time job indicates that she is in need of such award. Furthermore, evidence of Mr. Crouse's financial state shows that he is able to pay these fees. Accordingly, the trial court did not abuse its discretion in awarding attorney fees to Mrs. Crouse.

### IV.  ATTORNEY FEES ON APPEAL

◾ Mrs. Crouse also seeks an award of attorney fees on appeal. " 'Ordinarily, when fees in a divorce have been awarded below to the party who then prevails on appeal, fees will also be awarded to that party on appeal.' " *Bell v. Bell*, 810 P.2d 489, 494 (Utah App.1991) (quoting *Burt v. Burt*, 799 P.2d 1166, 1171 (Utah App. 1990)). In the present case, Mrs. Crouse was properly awarded attorney fees below and has prevailed on appeal. Mr. Crouse offers no reason why the general rule should not be applied here, and therefore we award Mrs. Crouse attorney fees on appeal.

### CONCLUSION

The trial court did not abuse its discretion in: (1) holding that there had been no substantial change in circumstances which would justify modification of the custody portion of the original divorce decree, without reference to the children's best interests; and (2) awarding attorney fees to Mrs. Crouse. Accordingly, we affirm the trial court's ruling and, in addition, award Mrs. Crouse attorney fees on appeal in an amount to be determined by the trial court on remand.

BILLINGS, J., concurs.

ORME, J., concurs in the result.