**Michael Dean STEVENS, Plaintiff
and Appellant,**

v.

**Linda Susanne (Stevens) COLLARD,
Defendant and Appellee.**

No. 910020–CA.

Court of Appeals of Utah.

Sept. 1, 1992.

Dean H. Becker, Salt Lake City, for plaintiff and appellant.

Mary C. Corporon, Corporon & Williams, P.C., Salt Lake City, for defendant and appellee.

Before BILLINGS, ORME and RUSSON, JJ.

## AMENDED OPINION [1]

ORME, Judge:

Appellant challenges the lower court's modification of the parties' divorce decree transferring permanent custody of the parties' child from appellant to appellee. We reverse and remand.

## BACKGROUND

The parties were divorced in January of 1984. By stipulation, their divorce decree provided that they would share joint custody of their child. In March of 1986, appellant petitioned to modify the decree to provide him with sole permanent custody of the child. Appellee failed to respond to the petition, default judgment was entered in appellant's favor, and appellant gained permanent custody. In September of 1988, appellee filed her own petition to modify the divorce decree, requesting that sole permanent custody of the parties' child be transferred to her from appellant. After a hearing in March of 1989, the trial court found there had been no change in circumstances since appellant had originally gained permanent custody of the child and denied appellee's request for modification.[2] Appellee then filed a new petition for modi-

---

1. This opinion replaces the opinion issued February 7, 1992.

2. As discussed *infra*, a court considering a petition to modify custody can not consider the merits of the petition unless petitioner first

shows that there has been a significant and material change in the custodial parent's circumstances, such that reconsideration of the child's best interest is warranted.

fication in September of 1989, in which she alleged that appellant's circumstances had materially changed since the hearing held just six months previous, and that as a result of these changes appellant was no longer fit to care for the child. Appellant failed to respond to the petition, and his default was entered.

A hearing was held in June of 1990. At the hearing, appellant requested that the default be set aside. That motion was denied. The court then found, solely on the basis of appellant's default, that there was a substantial change of circumstances and ordered a full custody evaluation to determine the best interest of the child.[3] Following a subsequent evidentiary hearing, permanent custody was granted to appellee.

Despite his own prior award of custody based on appellee's default, appellant now contends that, as a matter of law, changed circumstances may not be established merely by virtue of default. We resolve the question through consideration of two sub-issues: (1) Whether, as a result of a party's failure to respond to a petition to modify, a trial court may accept the petition's allegations as true, and (2) whether, in the instant case, the allegations set forth in appellee's petition adequately support a determination that changes in appellant's circumstances were "sufficiently substantial and material to justify reopening the question of custody."[4] *Hogge v. Hogge*, 649 P.2d 51, 54 (Utah 1982). This analysis leads us to disagree with appellant's basic proposition, but nonetheless to conclude that disposition by default was inappropriate in this case.

## I. ACCEPTANCE OF ALLEGATIONS AS TRUE

■ Read in conjunction with one another, Utah R.Civ.P. 55(a)(1) and (b)(2) state that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules," "the party entitled to a judgment by default shall apply to the court therefor." Further, when allegations set forth in a pleading are not contested by the opposing party, those allegations are deemed admitted. *See* Utah R.Civ.P. 8(d) ("[A]verments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading."); *Murdock v. Blake*, 26 Utah 2d 22, 484 P.2d 164, 169 (1971) (when a party fails to respond to a pleading, allegations in the pleading are "deemed admitted under Rule 8(d)"). Therefore, it was appropriate for the trial court to rule on appellee's petition, absent any responsive pleading, and to accept the allegations in appellee's petition as true in resolving the threshold requirement of whether appellant's circumstances had materially changed.

■ It does not follow, however, that appellee's petition entitled her to relief. A trial court asked to render a judgment by default must first conclude that the uncontroverted allegations of an applicant's petition are, on their face, legally sufficient to establish a valid claim against the defaulting party. *See Rajneesh Found. Int'l v. McGreer*, 303 Or. 139, 142, 734 P.2d 871, 873 (1987) (according to great weight of authority, default itself constitutes only admission that allegations are factually true, not that they are legally sufficient to state a claim for relief), *rev'd on other grounds,*

---

**3.** The record before us contains only the minute entry for the June 1990 hearing, no transcript of that hearing having been made a part of our record. The entry states that "[t]he court finds there has been a change of circumstances and will now proceed with best interest of the child." It is undisputed that this determination was made only on the basis of appellant's default; no evidence was received. Appellant does not assign error to the trial court's refusal to set aside his default.

**4.** We recognize that, in a narrow range of situations, a positive change in the non-custodial parent's circumstances may be relevant to the initial "changed circumstances" inquiry. *See Kramer v. Kramer*, 738 P.2d 624, 626–27 (Utah 1987). However, when, as here, the existing custody arrangement was not based on a non-custodial parent's unfitness, any change in the non-custodial parent's circumstances is irrelevant. *See id.* Further, in the instant case, appellee's petition for modification failed to allege any change in her own circumstances.

303 Or. 371, 737 P.2d 593 (1987).[5] Accepting the truth of the allegations in appellee's petition, we will affirm unless we determine the trial court abused its discretion in determining that those allegations establish the requisite "changed circumstances." *See, e.g., Crouse v. Crouse,* 817 P.2d 836, 838 (Utah App.1991); *Walton v. Walton,* 814 P.2d 619, 621 (Utah App.1991). We now turn to that analysis.

## II. SUFFICIENCY OF ALLEGATIONS IN PETITION

### A. Applicable Legal Doctrines

■ Utah courts employ a two-step approach in custody modification.

In the initial step, the court will receive evidence only as to the nature and materiality of any changes in those circumstances upon which the earlier award of custody was based. In this step, the party seeking modification must demonstrate (1) that since the time of the previous decree, there have been changes in the circumstances upon which the previous award was based; and (2) that those changes are sufficiently substantial and material to justify reopening the question of custody. The trial court must make a separate finding as to whether this burden of proof has been met. If so, the court, either as a continuation of the same hearing, or in a separate hearing, will proceed to the second step[, consideration of which parent should be granted custody].

*Hogge v. Hogge,* 649 P.2d 51, 54 (Utah 1982). *Accord Hirsch v. Hirsch,* 725 P.2d 1320, 1321 (Utah 1986).

■ Further, when determining whether changes in a custodial parent's circumstances merit reconsideration of the custody issue,

a party must show, in addition to the existence and extent of the change, that the change is significant *in relation to* the modification sought. The asserted change must, therefore, have some material relationship to and substantial effect on parenting ability or the functioning of the presently existing custodial relationship.... Accordingly, it is not sufficient merely to allege a change which, although otherwise substantial, does not essentially affect the custodial relationship.

*Becker v. Becker,* 694 P.2d 608, 610 (Utah 1984).

In *Elmer v. Elmer,* 776 P.2d 599 (Utah 1989), the Utah Supreme Court made one modification to the *Hogge-Becker* test. In those situations where the question of the child's best interest has not been subject to an objective appraisal on the merits, i.e., where the presently existing custody arrangement is the result of stipulation or default, *Elmer* liberalizes the scope of evidence allowed on the issue of changed circumstances. *See id.* at 605; *Cummings v. Cummings,* 821 P.2d 472, 474 (Utah App. 1991). Specifically, while parties to previously litigated custody cases may not introduce evidence of a change's effect on a child's best interest in order to satisfy the threshold requirement of the *Hogge-Becker* test, those in previously non-litigated cases may offer such "best interest" evidence during both prongs of the *Hogge* analysis. *See Cummings,* 821 P.2d at 474 (*Elmer* "allows evidence of the best interests of a child to be introduced for determining changes in circumstances as well as for determining the best interests, if reached"). *See also Walton,* 814 P.2d at 621; *Maughan v. Maughan,* 770 P.2d 156, 160 (Utah App.1989) (when an initial custody award is premised on a default decree or similar exceptional circumstances, "the court may accept a greater range of evidence under *Hogge*'s first prong").

■ Since, in this case, the existing custody arrangement is the result of a default

---

5. Were the rule otherwise, a court asked to enter judgment by default would be obligated to do so in a case where a complaint sought damages for defendant's "refusal to share her recipes with her neighbors, including plaintiff." But such is not the case. Defendant's failure to answer and ensuing default would require the court to accept the factual allegations as true, but the court would enter judgment as requested only if it determined those facts established an actionable claim.

modification, "special circumstances" exist as that term is used in *Maughan*. Thus, the trial court would have been permitted to consider "best interest" evidence—and, by analogy, it was entitled to consider "best interest" allegations—in determining whether appellee's petition satisfied the *Hogge–Becker* test. However, appellee's fundamental burden to establish a material change of circumstances was not diminished merely because the custody decree she challenged was based on default.[6] *See Walton*, 814 P.2d at 621. We now consider whether, assuming the truth of the allegations in the petition, those allegations satisfy this legal requirement.

## B. Allegations of Petition

In the instant case, appellee's petition alleged that, since the March 1989 custody hearing, appellant had (1) become unemployed, (2) continued to reside with the child in unacceptable physical circumstances, (3) failed to marry the woman who testified at the earlier hearing in the capacity of appellant's "fiancee," (4) been forced to move with the child to appellant's parents' home because appellant was unable to care for the child himself, and (5) continued a course of conduct that involved threatening appellee with physical harm and refusing to allow her reasonable visitation with the child. In examining these alleged changes, we find only two—appellant's unemployment and his moving in with his parents—that constitute a *change* of circumstances possessing some potential "material relationship to and substantial effect on" appellant's parenting ability or the functioning of the existing custodial relationship.[7] However, absent some allegation suggesting that these two changes are likely to affect appellant's ability to care and provide for his child, we do not believe they constitute a sufficient change in circumstances to justify reconsideration of the custody issue.

Appellee's petition states only that, since the March 1989 hearing, appellant had "become unemployed." The petition gives no indication of the reason for appellant's unemployment, i.e., whether it resulted from seasonal lay-off, injury, or disciplinary termination. It fails to address the likely duration of appellant's unemployment, appellant's prospects for future employment, or appellant's alternative sources of income, if any. Finally, the issue of custody had not previously been adjudicated in this case; the parties stipulated to joint custody in the original divorce decree, and appellant subsequently gained sole permanent custody by default. Although, as discussed above, *Elmer* permits introduction of "best interest" evidence in such situations, appellee's petition fails to allege how appellant's changed circumstances have negatively affected the best interests of the child.

Simply put, not all unemployment is alike, and appellee's allegation fails to provide *any* information from which the trial court could reasonably determine whether appellant's unemployment is a matter of minor or major concern. Therefore, although appellant's default dictates that we

---

6. Language in this court's recent opinion in *Cummings v. Cummings*, 821 P.2d 472 (Utah App.1991), read in isolation, might be taken to suggest otherwise. *See id.* at 478 (stating that *Hogge–Becker* test must be fully satisfied only in the absence of those exceptional circumstances mentioned in *Maughan* ). We doubt such an interpretation was intended but reject it if it was. *Maughan* recognized that under exceptional circumstances, *Elmer* relaxes the evidentiary, not substantive, burden under *Hogge*. Regardless of whether exceptional circumstances exist, a non-custodial parent petitioning for custody modification must *always* prove that, since the time of the previous custody decree, the custodial parent's circumstances have substantially and materially changed. *Elmer* only affects the scope of evidence that can be used to satisfy the changed circumstances requirement; it does not affect the substantive *Hogge-Becker*

requirement itself. *See, e.g., Walton v. Walton*, 814 P.2d 619, 621–22 (Utah App.1991); *Maughan*, 770 P.2d at 160.

7. Because appellee admits that appellant's residing with the child under unacceptable physical circumstances and his penchant for threatening appellee constitute "continuing" courses of conduct, those allegations do not suggest any *change* in appellant's circumstances. Further, appellant was not married at the time of the previous hearing, and he is not married now. The fact that he *intended* to marry, but for some reason has not, fails to indicate any change in circumstances. For what it matters, there is no allegation that the woman who testified as his fiancee at the earlier hearing is not still his fiancee.

accept appellee's allegation of unemployment as true, we find the allegation of unemployment too vague to constitute an indication of changed circumstances of the caliber that would warrant reopening the custody question six months after it had last been visited.[8]

Relatedly, although appellant's moving in with his parents is a circumstance that has changed, appellee's petition fails to suggest how the change negatively impacts on appellant's parental ability or custodial responsibilities. Just as all unemployment is not alike, neither are all "move-ins." If appellant's parents are responsible and caring people, with a well-maintained home and the desire and means to contribute to the child's financial and emotional well-being, the child will probably benefit from the additional care and supervision these close relatives offer. Any impact of appellant's unemployment, of whatever duration, will also be minimized. However, if, for example, appellant's parents live in an unheated shack and have a history of child sexual abuse, then appellant's move would be considered detrimental to his parenting ability and the custodial arrangement, and the custody issue would be reopened. In the instant case, appellee's allegation gave the trial court no reason to conclude that appellant's move to his parents' home was a negative change of circumstances. The allegation is, therefore, insufficient to justify reopening the custody issue.

■ "A trial court's decision concerning modification of a divorce decree will not be disturbed absent an abuse of discretion." *Crouse*, 817 P.2d at 838. However, it is the burden of a party seeking custody modification to demonstrate that there has been a change of circumstances justifying

reconsideration of the custody issue. *See id.* (quoting *Walton*, 814 P.2d at 621). When, as here, the party seeking modification has failed to establish *any* change that would justify re-examination of the presently-existing custody arrangement, we hold that modification of that arrangement constitutes an abuse of discretion.

### CONCLUSION

Because appellant failed to respond to appellee's petition to modify, the trial court properly entered his default and accepted the petition's allegations as correct. However, even under the relaxed evidentiary standard of *Elmer*, appellee's sparse allegations are legally insufficient to justify reopening the question of custody. The trial court should not have proceeded to a redetermination of custody without first determining that the allegations of the petition, if true, showed that appellant's unemployment and relocation to his parents' home had some material adverse effect on appellant's parenting ability or the functioning of the existing custodial arrangement. Accordingly, we reverse and remand for an evidentiary hearing on the issue of whether the two changes in appellant's circumstances properly alleged in the petition in issue were of the caliber and degree needed to permit reconsideration of the custody issue.[9] If the court determines they were, its decree may stand. If the court determines they were not, it must dissolve the decree.

BILLINGS and RUSSON, JJ., concur.

---

8. We note that the court, in its findings of fact later entered in support of its determination that custody should be transferred to appellee, stated that "[appellee] has greater financial ability to provide for [the child's] basic needs. However, the Court believes this consideration to be of minor importance." Apparently, for reasons not fully illuminated in the record before us, the trial court found the fact of appellant's unemployment to be of little actual concern in this case.

9. In her petition for rehearing, appellee points out that, after proceeding to the custody issue,

the trial court heard two days of testimony from a variety of witnesses. Appellee suggests that in the course of this hearing, the trial court learned all there is to know about the nature and extent of the change in circumstances she alleged, albeit in the "wrong" sequence, making a further evidentiary hearing unnecessary. It is the trial court's obligation on remand to make adequate findings addressing the issue of changed circumstances. Accordingly, we leave to the trial court's sound discretion the decision whether additional evidence is necessary before a determination and findings can be made.