**Michael Dean STEVENS, Plaintiff and Appellant,**

v.

**Linda Susanne (Stevens) COLLARD, Defendant and Appellee.**

**No. 910020–CA.**

Court of Appeals of Utah.

Feb. 22, 1993.

Dean H. Becker, Salt Lake City, for plaintiff and appellant.

Mary C. Corporon, Corporon & Williams, P.C., Salt Lake City, for defendant and appellee.

Before BILLINGS, ORME and RUSSON, JJ.

### ORDER ON REMAND

We issued our Amended Opinion in this matter on September 1, 1992. *Stevens v. Collard*, 837 P.2d 593 (Utah Ct.App.1992). Appellee Collard subsequently filed a petition for certiorari to the Utah Supreme Court. On January 7, 1993, the Supreme Court entered the following order thereon:

> Defendant's petition for certiorari is this day granted, without further briefing by the parties required.
>
> The court of appeals' restrictive reading in this case of what constitutes relevant factors of changed circumstances is in conflict with *Smith v. Smith*, 793 P.2d 407 (Utah Ct.App.1990). Consideration of the factors of child visitation and plaintiff's changed physical circumstances alleged by defendant is required to satisfy the two prongs of *Hogge v. Hogge*, 649 P.2d 51 (Utah 1982) and *Elmer v. Elmer*, 776 P.2d 599 (Utah 1989) (evidence of material change in circumstances and child's best interest).
>
> The case is remanded to the court of appeals with instructions to amend its order to the trial court. The court of appeals should instruct the trial court to take evidence on all four factors (unemployment, plaintiffs's move to his parents' home, child visitation, and plaintiff's changed physical circumstances), so as to establish whether plaintiff's changed circumstances are legally sufficient to reconsider the custody issue. As so modified, the court of appeals' ruling stands.

Accordingly, while our ruling otherwise stands, our mandate to the trial court is hereby modified. Anything in our Amended Opinion to the contrary notwithstanding, the trial court is directed to take evidence on the factors of unemployment, plaintiff's move to his parents' home, child visitation, and plaintiff's changed physical circumstances, so as to establish whether plaintiff's changed circumstances are legally sufficient to reconsider the custody issue.

All concur.