Tamera A. McDONALD, Plaintiff
and Appellee,

v.

Robert M. McDONALD, Defendant
and Appellant.

No. 920313–CA.

Court of Appeals of Utah.

Dec. 30, 1993.

Robert M. McDonald and Suzanne Benson,
Salt Lake City, for defendant and appellant.

Edwin F. Guyon and James I. Watts, Salt
Lake City, for plaintiff and appellee.

. Before BENCH, JACKSON and
RUSSON, JJ.

## OPINION

RUSSON, Associate Presiding Judge:

Robert M. McDonald appeals from an order of the district court directing him to pay attorney fees awarded in a divorce action directly to his former wife's attorney. We reverse.

## FACTS

Robert M. McDonald and Tamera A. McDonald were married April 25, 1987. On October 10, 1991, the district court entered findings of fact, conclusions of law, and a decree granting the parties a divorce. Pursuant to a stipulation by the parties, the district court entered amended findings of fact and conclusions of law, and an amended decree of divorce on December 12, 1991. The conclusions of law therein read, in pertinent part:

> 19. [Mr. McDonald] should be required to pay to [Mrs. McDonald], for the use and benefit of [Mrs. McDonald's] attorney, the sum of Seven Thousand Five Hundred Dollars ($7,500.00).

Additionally, the amended divorce decree provided:

> 14. [Mrs. McDonald] is awarded judgment against [Mr. McDonald] in the sum of Seven Thousand Five Hundred Dollars ($7,500.00) as attorney's fees.

On January 28, 1992, Mrs. McDonald, through one of her attorneys,[1] Edwin F.

---

**1.** Mrs. McDonald was represented by two attorneys below, Edwin F. Guyon, who has been her counsel from the beginning of this matter, and James I. Watts, who subsequently entered his

Guyon, filed a motion entitled, "Motion for Stay of Entry of Order and To Set Aside Judgment re Attorney Fees," seeking an order setting aside the attorney fee provisions of the divorce decree. In response, Mr. McDonald filed a motion to dismiss the above motion. On May 7, 1992, after considering the two motions without a hearing, the district court entered a signed memorandum decision that stated, in relevant part:

> The Court is going to set aside that portion of the Decree that granted [Mrs. McDonald] judgment for attorney's fees and is going to sua sponte order an amendment to the Decree which grants a judgment in favor of [Mrs. McDonald's] Counsel at the time, Mr. Edwin Guyon, in the amount of $7,500.00.

Additionally, on July 15, 1992, the district court entered an order entitled, "Amendment to Judgment," wherein it stated:

> [I]t is hereby ordered that said December 12, 1991 decree be and hereby is amended to provide, in lieu of payment of attorney fees directly to [Mrs. McDonald], as follows:
>
> > [Mr. McDonald] shall pay directly to Edwin F. Guyon as counsel for [Mrs. McDonald], as attorney fees, the sum of $7,500.00.

Mr. McDonald appeals, arguing that the district court erred in ordering attorney fees to be paid directly to Mr. Guyon, who was not a party to the underlying divorce action.[2]

## ANALYSIS

Utah Code Ann. § 30–3–3 (1989) grants trial courts the power to award attorney fees in divorce actions. *Rappleye v. Rappleye,* 855 P.2d 260, 265 (Utah App.1993). Furthermore, in cases in which it is proper to award attorney fees, both the Utah Supreme Court and this court have consistently awarded those fees directly to the needy spouse, not

to that spouse's attorney. *See, e.g., Sorensen v. Sorensen,* 839 P.2d 774, 779 (Utah 1992); *Hall v. Hall,* 858 P.2d 1018, 1027 (Utah App. 1993); *Morgan v. Morgan,* 854 P.2d 559, 570 (Utah App.), *cert. denied,* 860 P.2d 943 (Utah 1993); *Crouse v. Crouse,* 817 P.2d 836, 840 (Utah App.1991); *Maughan v. Maughan,* 770 P.2d 156, 162 (Utah App.1989). And, such fees are generally contingent on evidence of the receiving party's financial need for them, as well as the ability of the other spouse to pay, and the reasonableness of the requested award. *See Morgan,* 854 P.2d at 568; *Crouse,* 817 P.2d at 840; *Maughan,* 770 P.2d at 162.

In *Adamson v. Adamson,* 21 Utah 2d 39, 439 P.2d 854 (1968), the Utah Supreme Court addressed the very question of whether an attorney, independent of his or her client, has a right to enforce an award of attorney fees. In that case, following a hearing on the payment of temporary alimony, support money and attorney fees, the trial court ordered Mr. Adamson to pay a preliminary attorney fee to Mrs. Adamson for work performed by her attorney. However, before the case came to trial, Mrs. Adamson was killed in an automobile accident. After a further hearing, the trial court entered another order directing Mr. Adamson to pay additional attorney fees for work done in the case. When such fee was not paid, garnishment ensued, and following a motion by Mr. Adamson, the garnishment was quashed. On appeal, the Utah Supreme Court held:

> The attorney is not a party to the proceeding and by himself has no right to carry it on.... The attorney's entitlement to fees is derived through and is enforceable through his client. The trial court acted correctly in granting the motion to quash the garnishment.

*Id.* 439 P.2d at 855 (citations omitted).

Likewise, in a case that is factually similar to the case at bar, the Utah Supreme Court stated:

appearance as counsel for Mrs. McDonald on September 13, 1991.

**2.** On appeal, Mr. McDonald also argues that (1) Mrs. McDonald's January 28, 1992, motion was not timely filed; (2) the district court abused its discretion in addressing Mrs. McDonald's January 28, 1992, motion on the basis of mistake; and (3) the district court's entry of its May 7,

1992, order without affording Mr. McDonald a hearing violated his procedural due process rights. However, due to our resolution of this matter on the question of whether it was proper for the district court to award attorney fees directly to Mr. Guyon, we do not address these issues.

As to the attorney's fees, it appears that prior to the trial [Mr. Openshaw], under the order of the court, had paid to his wife or to her attorney, on account of his fees, the sum of $100. Then at the conclusion of the trial the court, being of opinion that $500 was a reasonable amount to be paid to [Mrs. Openshaw's] attorney for his services in the case, and that [Mr. Openshaw] ought to pay it because [Mrs. Openshaw] could not, in the decree ordered and directed [Mr. Openshaw] to pay to [Mrs. Openshaw's] attorney an additional sum of $400, in stated installments. *The point is made that the decree in this respect is void because it runs in favor of the attorney, who is not a party to the action. The point is well taken. A decree in favor of a person who is not a party to the action or proceeding is void because the court has no jurisdiction to make it.* The decree should be amended so as to make it run in favor of [Mrs. Openshaw].

*Openshaw v. Openshaw*, 80 Utah 9, 12 P.2d 364, 365 (1932) (emphasis added) (citations omitted).

The same result was reached in *Albrechtsen v. Albrechtsen*, 18 Utah 2d 55, 414 P.2d 970 (Utah 1966), in which the supreme court held that since "[t]he record does not disclose any proceedings taken or even an application to the court by this attorney to intervene in the ... action to enforce an attorney's lien for his fees," *id.*, he was without standing to appeal. *Id.* 414 P.2d at 971.

Likewise, in the case at bar, Mr. Guyon made no effort to enforce his attorney's lien, but instead chose to proceed by attempting to alter the divorce decree to provide that attorney fees be paid directly to him. Such is clearly not a permissible procedure under Rules 17 and 24 of the Utah Rules of Civil Procedure.[3] Thus, it was improper for the district court to award Mr. Guyon a judgment for attorney fees in this case.

Lastly, *Hampton v. Hampton*, 85 Utah 338, 39 P.2d 703, 706 (1935), cited by Mr. Guyon in support of the district court's award of attorney fees to him, is inapposite to the case at bar. While it is true that Utah's attorney's lien statute, Utah Code Ann. § 78-51-41 (1992), applies to divorce cases, *Hampton*, 39 P.2d at 706, that fact alone does not aid Mr. Guyon here. Section 78-51-41 simply "creates an attorney's charging lien upon the client's cause of action or counterclaim, which attaches to the proceeds of the judgment or verdict in the client's favor." *Neilson v. Neilson*, 780 P.2d 1264, 1271 (Utah App.1989) (citation omitted). However, "the statutory charging lien may not be foreclosed by way of the attorney's request for that relief in the original action; instead, *counsel must bring a separate action against the client to determine the amount of the fee and foreclose the lien.*" *Id.* (emphasis added) (citing *Midvale Motors, Inc. v. Saunders*, 21 Utah 2d 181, 442 P.2d 938, 941 (1968); *Phillips v. Smith*, 768 P.2d 449, 450 n. 2 (Utah 1989)). Thus, although an attorney is entitled to a lien in an action in which he has participated, his interest is simply that: a lien, not a judgment. Accordingly, it was error for the trial court to award Mr. Guyon a judgment against Mr. McDonald for the amount of his attorney fees.

## CONCLUSION

The trial court erred in ordering attorney fees to be paid to Mr. Guyon, instead of Mrs. McDonald. Accordingly, that order is hereby reversed.

BENCH and JACKSON, JJ., concur.

---

3. Rule 17(a) requires that all actions be prosecuted in the name of the real party in interest; Rule 24(a)(2) provides for intervention when a party claims an interest in the property that is the subject of an action and when disposition of the action may impede that party's ability to protect that interest, unless the interest is adequately represented by existing parties.